PETER HOKER

*v.*

JAMES W. BOGGS.

| 63   161
|148   412

1. HUSBAND AND WIFE—*contracts between them void.* At common law a note given by the husband to the wife, and assigned by her, conveys no right to the indorsee, a contract with his wife being with himself.

2. Such a note can only be negotiated and transferred by the husband.

3. ASSIGNEE OF NOTE. An assignee of a note of the husband to the wife, and indorsed by her, has no such title in it as will enable him to bring suit in his own name.

4. Such a note is absolutely void—not merely voidable.

5. Upon proof that the wife acted as the agent of her husband, or that her act was recognized by him, action will lie.

6. STATUTORY EXCEPTIONS. The rule relating to separate estate of the wife, and to property derived from persons other than her husband, is changed by statute.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Peter Hoker made his promissory note, in the usual form, payable in one year to the order of Mary A. Hoker, who was his wife, who indorsed it over, before maturity, to James W. Boggs. The court having entered judgment on the note, the case comes to this court on appeal.

Messrs. LACEY & WALLACE, for the appellant.

Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The note sued on was executed by a husband to his wife. It was not given for money due to the wife as a matter of right, or for her separate property derived from other persons than her husband, and which the statute was designed to protect.

11—63D ILL.

The wife indorsed the note to appellee, and as the act to protect married women in their separate property has no application, the principles of the common law must control the rights of the parties.

Blackstone says : " By marriage, the husband and wife are one person in law, that is, the very being or legal existence of the woman is suspended during marriage, or at least is incorporated and consolidated into that of the husband, under whose wing, protection and cover she performs everything, and is therefore called in our law French, a *feme covert.*" Hence, the man can make no grant directly to his wife ; can enter into no contract or covenant with her—for such acts presuppose her separate existence. As they are one person, the man can not be placed in the absurd position of covenanting with himself.

As the note was given by the husband to the wife, by operation of law it was payable to the maker. His indorsement was necessary to vest any title in the assignee, if the note had any validity.

Where a married woman is the payee of a note, which is not protected by the statute, it vests in her husband, and he alone can negotiate it and transfer it, for she is under disability, and can not make contracts ordinarily. There are exceptions to the rule, but the note sued on does not constitute one of them.

There is no proof that she acted as his agent in making the indorsement ; that he assented to it, or recognized it. We must therefore hold that the assignee had no such title to the note as would enable him to maintain the suit in his own name. Chit. Con. 159 ; Story on Bills, sec. 90-92, 196 ; *Snider* v. *Ridgway,* 49 Ill. 522 ; *Barlow* v. *Bishop,* 1 East, 432.

But the note in this case is absolutely void—not merely voidable. This is unlike the cases of illegality in the consideration cited by counsel for appellee, where an innocent assignee is protected.

Without the intervention of a third person, husband and wife can not contract independent of the statute. At common law her disability was almost entire. The conveyance of her real estate was absolutely void.

The note in the case at bar was a voluntary gift by the husband to the wife, and this court said, in *Pike* v. *Baker*, 53 Ill. 163, that all contracts, executed or unexecuted, between husband and wife, are void.

No aid can be derived from the statute, for it only authorizes married women to acquire property from other persons than their husbands.

The judgment is reversed and the cause remanded.

*Judgment reversed.*