COLLINS ET AL VS. UNDERWOOD,

MARRIED WOMEN. *Contracts of.*

> The contract of a married woman, unless for the benefit of herself or her separate estate, cannot be enforced against her estate.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer*, for Appellee.

HARRISON, J. :

The plaintiffs in this case as administrators of Charles Collins, deceased, sought to subject the property of the defendant, which she held as separate estate during her coverture, to the payment of a note executed by her jointly with her late husband, Q. K. Underwood, to the plaintiffs intestate for $264.41, dated the 13th day of August, 1874.

The complaint alleged that the note was given in settlement of an account for the board and tuition of their daughter, and that it was the intention of defendant, in the execution of the note, to make the same a charge upon her separate estate.

In her answer she denied that she had, in making the note, intended to create a charge, or that it was a charge upon her estate.

The proof was that the daughter of the defendant and her said late husband, had been a pupil in the State Female College, at Memphis, of which Dr. Collins the plaintiff's intestate, was president, the fall session of 1873, and the spring session of 1874. Her board and tuition not being paid, Dr. Collins wrote several times to her father asking payment, who replied giving excuses and promising payment.

The defendant was present at the commencement exercises in June, 1874, at which time her daughter graduated, and remained several days at Dr. Collins' house, and whilst there, expressed much mortification because her daughter's bills had not been paid, and saying that she had some time before given her husband the money with which to pay them, but that he applied it to other purposes. Before leaving she paid a part of the account, and as she said, out of her own means.

Dr. Collins, afterwards, went to Helena to see the defendant's husband about the account, and it was settled by the execution of the note. Underwood was insolvent, which fact was known to Dr. Collins when he took the note, but he knew the defendant had separate property, out of which she led him him to believe, she would pay the note; and he looked to her for payment.

The court upon the hearing, refused the relief prayed, and dismissed the complaint for want of equity.

The plaintiffs appealed.

It was held in the case of *Stillwell and wife* v. *Adams et al. ex'rs*, 29 Ark., 346, that a married woman cannot create a charge upon her separate estate, except by a contract in relation to it, or for her personal benefit; and the doctrine was approved in *Henry* v. *Blackburn*, 32 Ark., 445.

There is no evidence that the note was given for the benefit of either the defendant or her estate; but it plainly appears, that it was given in the satisfaction or settlement of her

husband's debt, whose duty it was to provide for the support and education of his children.

The decree is affirmed.