# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## CROCKETT v. DORIOT.*

### July 1st, 1887.

1. MARRIED WOMEN—*Contracts at common law.*—It is a familiar rule of the common law that a married woman has no power to contract, and that her contracts are void. This incapacity is still the general rule.

2. IDEM—*Separate estate—Contracts in equity.*—The separate estate held by a married woman at the time of her contract is in equity bound for all debts expressly or impliedly charged thereon by her; but separate estate afterwards acquired by her is not so bound.

3. IDEM—*Married woman's act—Contracts under.*—By this act a married woman, if joined by her husband, has power to contract *in relation to*, or *for the disposal of*, her separate estate created by said act, and she may sue and be sued as a *femme sole*. But this act does not empower her to contract unless her husband joins her (except as to property acquired by her as a sole trader), or so as to bind the separate estate she may acquire after the time of the contract. Acts 1876–77, pp. 333–4.

4. IDEM—*Case at bar.*—In 1879 a married woman gave her note for merchandise. Afterwards she acquired lands, and suit was instituted to subject them to pay the note.

HELD:

The lands are not liable for the note.

Appeal from decree of the circuit court of Wythe county, rendered at its September term, 1886, in a chancery cause wherein Catherine Doriot and her husband were complainants, and Susan J. Crockett and her husband were defendants. From this decree, which was in favor of the complainants, the defendants obtained an appeal and *supersedeas*. Opinion states the case.

---

* This case was not directed to be reported until since the publication of Vol. 84, Va. Reports.

*Walker & Walker*, for the appellant.

*D. S. Pierce*, for the appellee.

LACY, J., delivered the opinion of the court.

The case is as follows: In December, 1879, Susan J. Crockett, intending to carry on the business of a milliner, purchased from Catherine Doriot a stock of goods and gave in part payment thereof her note for $404.26. The business failing, the note was not paid. In 1881 Susan J. Crockett inherited one-third of a certain tract of land, and the residue of the said tract was conveyed to her for life-remainder to her children. The appellees, Doriot and wife, filed their bill to subject this real estate to the payment of the said note, alleging the foregoing facts. To this bill the defendants demurred, but the circuit court overruled the said demurrer, and the cause coming on to be heard, a personal judgment was rendered against the said Susan J. Crockett, and the land ordered to be rented out unless the said debt was paid in thirty days. Whereupon Crockett and wife appealed. The first error assigned is the action of the court in overruling the demurrer of the defendants to the bill. Because the bill upon its face showed no ground to charge the separate property of the said Susan J. Crockett; that no contract of a married woman can charge her separate estate unless it is intended by her to charge it either expressly or impliedly, and that it was her intention to charge her separate estate must be alleged in the pleadings; that the bill alleges that the estate it seeks to charge was acquired after the note was given, and hence that there could have been no intention to charge it for that debt.

It is admitted that a married woman is, in general, incapable during coverture of charging her person by any contract or act whatsoever. But her power of disposition in respect to her separate property enables her to a greater or less extent to charge

VOL. LXXXV—31

her separate estate in equity even by implication, with her debts, contracts or engagements, but the liability of the said estate arises out of the supposed intention of the wife. *Frank & Adler* v. *Lillienfield*, 33 Gratt. 397, and cases cited.

The separate estate of a married woman is liable for all her debts charged thereon, either expressly or by fair implication, and is bound by all her contracts on her own behalf which are made upon the credit of such estate, and whether that be so or not must be judged by the circumstances of each particular estate; but in order to charge such estate it must appear either that the wife intended to charge her estate, or that it was upon a consideration affecting such estate. Such intention and such consideration are both obviously excluded when no such estate existed when the wife made the undertaking.

Therefore her contracts can only be enforced in a proper case against the separate estate which she held at the time of her entering into the engagement, and not against separate estate which she acquired after the time of making the engagement.

But it is contended that these principles have no application to the separate estate of the wife created by our statute known as the married women's act (Acts 1876–77, pp. 333–'4); that this is a legal estate, which is designated as separate and sole to protect it against the husband's control or his debts, and that the statute providing that she may sue and be sued, that a personal judgment may be rendered against her. The first section of this act is as follows:

Sec. 1. "Be it enacted by the general assembly, that the real and personal property of any female, who may hereafter marry, and which she shall own at the time of her marriage, and the rents, issues and profits thereof, and any property, real or personal, acquired by a married woman as separate and sole trader, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall be and continue her separate and sole property, and any such married woman shall have power to contract in relation thereto, or for the disposal thereof, and may

sue and be sued as if she were a *femme sole;* provided that her husband shall join in any contract in reference to her real or personal property, other than such as she may acquire as a sole trader, and shall be joined with her in any action by or against her, and provided further, that nothing herein contained shall deprive her of the power to create, without the concurrence of her husband, a charge upon such sole and separate estate as she may be empowered to charge without the concurrence of her husband, if this act had not been passed."

This act must be construed according to its terms—they alone justify the courts in departing from the rules heretofore existing. By the act in question the said separate estate is created, and power is granted to her *to contract in relation thereto* or for *the disposal* thereof, and she may sue and be sued as a *femme sole,* provided that her husband shall join in any contract in reference to her real or personal property, etc.

If this power to contract is to be restricted to the terms of the act, then the power to contract which is granted, is to contract in relation to her said estate, or the disposal thereof, in which her husband is required to join. There is no authority to be found in the act in question for the wife to contract generally. In other words, though a wife may by a contract bind her property, she cannot in any way bind her person. It is only in consequence of the existence of her separate estate, that the statute authorizes her to make the contract. The enforcement of the contract is in the nature of a proceeding *in rem.* No general judgment can be rendered against her so as to reach in execution any other property.

It is a familiar rule of the common law that a married woman has no power to contract—her contracts according to that law being void—and this incapacity still remains and is the general rule.

Our statute has given her the power, where she has a separate estate, to contract in relation to it, or for its disposal; her simple promise, without more appearing, is *prima facie* a void

contract. Unlike the contracts of an infant which are voidable only, her contracts are in general void *ab initio.*

This rule is changed so far only as the express terms of the statute provide. We have seen that in the statute there is no authority or power conferred upon the wife to contract generally, nor to charge herself personally; it follows, therefore, that her personal contract is a nullity, and must be held to be void.

The obligation or undertaking of the wife in this case was not contracted in relation to the property sought to be subjected, nor did the husband join therein, which is a necessary step in the construction of any valid undertaking by the wife, except as to property acquired as a sole trader.

The note of the married woman in question did not constitute any charge against the separate estate of the said married woman, and the decree of the circuit court of Wythe, holding the same to be a charge thereon, is erroneous, and must be reversed and annulled.

We have rested our decision in this case upon the terms of our own statute. While many cases have been cited in the argument, they all proceed upon the statutes of other States, in some respects unlike our own; but we think that the conclusion we have reached is clearly the true construction of the statute of this State.

The said decree of the said circuit court of Wythe county is therefore reversed and annulled, and such decree will be entered here as the said circuit court ought to have rendered.

DECREE REVERSED.