## REAL ESTATE INV. CO. v. OLIVER ROOP ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 31, 1890—Decided February 24, 1890.

[To be reported.]

1. In construing § 3, of the Married Person's Property Act of June 3, 1887, P. L. 332, it must be read in connection with the other sections, and the act considered as a whole; so considered, the section does not confer upon married women a general power to contract debts and bind their estates therefor.

2. Subject to the restrictions specified in the provisos to §§ 1 and 2, the act confers upon a married woman the power to make three classes of contracts only, to wit: (a) in connection with a trade or business in which she is engaged; (b) in the management of her estate, and (c) for necessaries; and the authority to execute obligations is confined to one or the other of these classes.

3. Although the fact of coverture does not appear upon the record, a judgment confessed by a married woman to secure the repayment of money borrowed by her to aid her husband in his business, being unauthorized by the said act of 1887, is void as to her, and that fact being made to appear by testimony, the judgment as to her will be stricken from the record.

4. When the defendant in a judgment for $680 petitions the court to open it upon the ground that being given for a loan of $500 it is usurious, if the plaintiff concedes that but $500 was loaned, alleges that the judgment was held as collateral only, and admits that his claim is only for the amount so loaned with interest, there is no good reason for opening the judgment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 104 January Term 1890, Sup. Ct.; court below, number and term not given.

On August 14, 1888, judgment was entered in the court below in favor of the Real Estate Investment Company of Philadelphia and against Oliver Roop and Fanny C. Roop, upon a note with warrant of attorney for $680, dated August 14, 1888, and payable one year after date. The note did not disclose the consideration of the indebtedness evidenced by it. On

August 13, 1889, upon the petition of the defendants a rule was granted to show cause why the judgment should not be opened and the defendants let into a defence. Neither this petition, nor the answer thereto, was presented in the paper-books.

Testimony taken and filed on the part of the petitioners showed that the note for $680 was given for a loan of $500, $180 of the note being for interest for one year at the rate of three per cent per month upon the amount of the loan; that this loan was made to Oliver Roop, the husband of the other defendant, and that his wife, Fanny C. Roop, signed the note as his surety; that the money was paid by checks drawn to her order and was afterwards handed by her to her husband; that the entire amount of the loan was used by Oliver Roop in payment of his business debts and otherwise in connection with his business of furniture storage, carried on by him under the name of Roop & Co., in a building owned by his wife, and that in this business the wife had no interest, nor was she engaged in any business.

Testimony taken on the part of the plaintiff in the judgment showed that some time prior to the making of the loan, when Mrs. Roop was consulting with the loan agent who negotiated it about a mortgage which was upon her property, she told the agent that in consequence of the intemperate habits of her husband, "she had to manage the business; she had to conduct the business, it was in her own hands; that business was dull, and that was why she had been unable to pay the interest on the mortgage." Their testimony was to the effect also, that this loan was made upon the wife's credit, in the transaction she was treated as the borrower, she had objected to the payment of the proceeds to her husband, and required the checks to be drawn to her order.

After argument, the court, without opinion filed, discharged the rule to open the judgment, etc., whereupon the defendants took this appeal, specifying that the court erred:

1. In discharging the rule to open the judgment.

3. In not striking off the judgment as to Fanny C. Roop.

5. In not striking out of the judgment the usurious interest included in it.

*Mr. Thomas Diehl*, for the appellants:

Arguments.

1. The execution of the note in suit was in excess of the contracting power of Fanny C. Roop. From Dorrance v. Scott, 3 Wh. 309, down to Sellers v. Heinbaugh, 117 Pa. 224, this court has uniformly held that the bond of a married woman is void except when given for the purchase money of land, and even in that case it is enforceable only against that land and not as a personal obligation. The policy of the court has always been against an extension of this liability, and in favor of protecting to the fullest extent the married woman's estate and property : Schlosser's App., 58 Pa. 495 ; Mahon v. Gormley, 24 Pa. 82; and see Huyler v. Atwood, 26 N. J. Eq. 504. The Married Person's Property Act of June 3, 1887, P. L. 332, has not changed this policy except as to three classes of contracts : (*a*) contracts relating to any trade or business in which the married woman may engage ; (*b*) contracts for necessaries ; and (*c*) contracts for the use, enjoyment and improvement of the wife's separate estate. The general language authorizing the making of " contracts of any kind," and the giving of notes, etc., " of any kind," must be understood as confined to contracts and obligations entered into and given in the exercise of the powers conferred respecting the three classes of subjects specified : Endlich & Richards on Married Women, § 101. Had the legislature intended to validate all contracts not expressly prohibited, there would have been no necessity for the enumeration in § 2 of the authorized contracts.

2. Neither the record nor the testimony reveals a contract which it was within the power of Mrs. Roop to make. On the uncontradicted evidence, the loan had no relation to any of the subjects upon which the act of 1887 authorizes her to make contracts, but the money was used by her husband for his own purposes. A case almost exactly in point, and showing the judgment to be void, is Bank v. Smith, 43 Conn. 327. When the record shows no ground for the lawful entry of a judgment, the judgment will be set aside : Ringwalt v. Brindle, 59 Pa. 51 ; Commonwealth v. Hoffman, 74 Pa. 111 ; Post v. Wallace, 110 Pa. 125. In actions against married women under the act of April 11, 1848, P. L. 536, it has always been held requisite that the record disclose a cause of action within the provisions of the act; and if it do not, the defect is fatal to the judgment : Parke v. Kleeber, 37 Pa. 254 ; Dearie v. Martin, 78 Pa. 58 ,

Hecker v. Haak, 88 Pa. 242; Hoff v. Koerper, 103 Pa. 398; Gould v. McFall, 111 Pa. 67; Fenn v. Early, 113 Pa. 268; Needham v. Woollens, 14 W. N. 526. This rule has been applied even in a case where the evidence disclosed a contract within the powers conferred on the married woman by the act of February 29, 1872, P. L. 21; as the record of the judgment did not show what the note upon which it was entered was given for, the judgment was held irregular and stricken from the record: Baker v. Singer Mfg. Co., 122 Pa. 370. It is submitted that the same rule applies under the act of 1887: Endlich & Richards on Married Women, §§ 288, 291, 292.

3. The court should have reduced the judgment by striking out the usurious interest. While it may not be the intention of the plaintiff to collect this, the defendants have the absolute right to have the illegal consideration excluded from the judgment. Mrs. Roop should have been let into a defence on the ground that she executed the note as surety for the husband. If she was merely surety, the note was void under the act of 1887, and the evidence supports her contention in this respect. The facts of the present case show forcibly to what extent the separate estates of married women will be jeopardized, unless their liability under the act of 1887 is confined strictly to contracts made for their benefit.

*Mr. Robert Alexander* (with him *Mr. John J. Ridgway*), for the appellee:

1. The depositions are marked filed on dates subsequent to the decree and the appeal therefrom. The record does not show that they were before the court below, and therefore they are not to be considered by this court. Accordingly, there is nothing to show that Fanny C. Roop is a married woman. But admitting that she was such at the time of signing the note, she is bound by it, as § 3, act of June 3, 1887, P. L. 332, is a clear authority to execute and give such a note. It is admitted by the argument for the appellants that this contract is binding upon Mrs. Roop, if for the benefit of her separate estate.

2. It was so. She received the money, which was paid by checks to her order, and the testimony shows that she objected to the payment of any part of it to her husband. It is not

necessary that her estate shall be the gainer by the contract; the true rule is that whenever the consideration goes into her actual or constructive possession, the contract is one for the benefit of her estate: Williams v. King, 43 Conn. 569; Better v. Dillage, 37 N. Y. 35; Tiemyer v. Turnquist, 85 N. Y. 521 (39 Am. Rep. 674); Endlich & Richards on Married Women, § 131. Mrs. Roop, or her husband, or both, carried on business in property owned by her. According to the testimony, she informed the agent of the plaintiff that she carried on the business there. The loan was therefore made in connection with a business conducted by her.

3. As it seems clear from § 3 of the act of 1887 that a married woman has a general authority to give a judgment note, there surely is no necessity now to set forth on the record the cause of action, in accordance with the former practice. The act intended to give her the rights of a feme-sole with regard to her property, save in the exceptions therein mentioned. But if a suggestion of record with reference to this matter should have been filed at the time of entering judgment, its omission is an amendable error. Further, the time to raise a question as to the claim respecting usurious interest is when execution issues, or at least when damages are assessed under the judgment. The note was taken as collateral for the loan to Mrs. Roop, and, except for the expense to her, a mortgage might as well have been taken. The objection to its validity is a mere technicality which the court will not be astute to sustain.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an appeal from the order of the court below refusing to open a judgment entered by the Real Estate Investment Company v. Oliver Roop and Fanny C. Roop, appellants, in the sum of $680. The said Fanny was the wife of the said Oliver Roop, but this does not appear on the face of the note upon which the judgment was entered. The petition which was filed in the court below is not printed in the paper-books; hence we have no certain knowledge of the specific grounds upon which the judgment was asked to be opened, and we might well dismiss the case for this reason alone. We learn from the docket entries, however, that the application was on

Opinion of the Court.

behalf of both defendants, and from the arguments of counsel, (*a*) that the note was usurious, and (*b*) that the defendant, Fanny C. Roop, was a married woman, and as such had no power to bind herself by a judgment note.

As to the first proposition. The depositions show that only $500 was loaned to the defendants, but, as the plaintiff concedes this, and also alleges that it was a loan with the judgment note as collateral, and that no more than the $500, with interest, is claimed, there would seem no good reason why the court below should open the judgment and order an issue to try a fact which is not disputed.

The second ground of relief is more serious. On behalf of Fanny C. Roop it was contended " that, as the record of the judgment reveals no contract within the power of a married woman to make, it is irregular as to Fanny Roop, and cannot stand." The judgment is entirely regular upon its face, as the record does not show that Fanny C. Roop is a married woman. The depositions do show it, however, and the fact is not denied.

The plaintiff contends that under the act of June 3, 1887, P. L. 332, known as the Married Person's Property Act, a married woman has the power generally of confessing judgments, and refers us to the third section of said act as conferring it. Said section is as follows : " A married woman may make, execute and deliver leases of her property, real and personal, and assignments, transfers and sales of her separate personal property, and notes, bills, drafts, bonds or obligations of any kind, and appoint attorneys to act for her, and it shall not be necessary for her husband to be made a party thereto or joined therein."

This language is certainly very broad, and is a part of the legislation, commencing in 1848, the object of which, evidently, is to emancipate married women from the restraints of the common law to a certain extent, and to enable them to act as femes-sole in respect of their property. It is not necessary for us to express an opinion of the wisdom of this legislation. We have followed the legislature cautiously, and have, as was our duty, given effect to these acts to the extent of their plainly expressed meaning; but it is so radical in its character, and so wide a departure from the common law, that we have been

Opinion of the Court.

careful not to extend the force of any of these acts by judicial construction.

The act of 1887 certainly does go very far in enlarging the powers of married women. The first section gives them the power of a feme-sole as to the acquisition, ownership, possession, control, use, or disposition of property of any kind in any trade or business in which they may engage, or for necessaries, and for the use, enjoyment, and improvement of their separate estate, and to "make contracts of any kind, and to give obligations binding herself therefor." The only restriction upon the powers thus conferred is found in the proviso at the end of the section. It is as follows: "Provided, however, that a married woman shall have no power to mortgage or convey her real estate, unless her husband join in such mortgage or conveyance."

The second section declares that a married woman may bind herself by contracts relating to any trade or business in which she may engage, or for necessaries, and for the use and enjoyment of her separate estate, and may sue and be sued, etc., in all respects as if she were a feme-sole: "provided, however, that nothing in this or the preceding section shall enable a married woman to become accommodation indorser, guarantor, or surety for another."

Then follows the third section, which I have already quoted. It was contended that this section gives her the general power to contract, which would, of course, include the power to confess a judgment. If, however, it was intended to confer this broad power, and place a married woman on the same plane with a feme-sole, it could have been done in a few lines, declaring that hereafter a feme-covert should have the same power to contract debts as a feme-sole. For such a purpose it was unnecessary to frame an act with seven sections. We do not think it was intended to confer a power to contract generally. Of what use would be the restriction contained in the first section, that she shall have no power to mortgage or convey her real estate without her husband joining in such mortgage or conveyance, if she may bind her real estate by confessing a judgment for general purposes? The third section must be read in connection with the other sections, and the act considered as a whole. Viewed in this light, it un-

Opinion of the Court.

fetters a married woman, subject to the restrictions before mentioned, for three purposes, viz.: (*a*) Where she engages in trade or business; (*b*) in the management of her separate estate; and (*c*) for necessaries. For any of these purposes she may bind herself and her estate or business by her contracts, and, I have no doubt, may lawfully confess a judgment. But beyond this we do not think the act confers any power. It is entirely proper that the law should clothe her with sufficient power to properly manage her separate estate; and when it authorizes her to embark in business it is right that she should be held to her contracts, which can only be done by authorizing her to make such contracts. So in regard to necessaries. If she may purchase them, she should be authorized to bind herself and her estate for them, in the usual manner, and by the usual forms by which contracts are made by persons sui juris. But we are not disposed to say that for every purpose she may make contracts, and bind her estate generally as may a feme-sole. The legislature must say so in language too clear to be misunderstood, before we will subject the estates of married women to such a peril as this.

It was conceded that this judgment was given by a married woman. It was not pretended that it was done in the management of, or for the benefit of her separate estate, or in the prosecution of any business in which she was engaged, or for necessaries. On the contrary, if not given as surety for her husband, it was given upon his importunity and to aid him in his business, one of the very perils from which the law ought to protect a married woman.

The judgment having been confessed without authority, is void as to Fanny C. Roop.

> The order of the court below is reversed as to Fanny C. Roop, and the judgment against her is stricken from the record.

Mr. Justice MITCHELL dissented.