148      589
19 SC 324

# Walter, Administrator, *v.* Jones et al., Appellants.

*Married women—Engaging in business—Purchase on credit—Act of June 3, 1887.*

Since the act of June 3, 1887, a married woman without separate estate may, for the purpose of engaging in business, purchase property wholly on credit, and hold the same against her husband's creditors: Real Est. Co. v. Roop, 132 Pa. 496, applied.

Argued April 12, 1892. Appeal, No. 187, Jan. T., 1892, by defendants, Jones & Skinner and others, from judgment of C. P. Luzerne Co., March T., 1891, No. 110, on verdict for plaintiff, William H. Walter, administrator of the estate of Ellen Ludwig, deceased. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Sheriff's interpleader.

On the trial, before RICE, P. J., it appeared that the goods levied upon as the property of Max Ludwig, the defendant in the execution, had been once his property, but had been sold by the sheriff, under an execution against him, to one Holden, who assigned to Sutter, who assigned to Ellen Ludwig, the wife of the defendant, taking in payment her judgment note for the whole price. She was not shown to have had any separate estate. Max Ludwig conducted the business at the old stand as his wife's agent. Subsequently the wife died, and letters of administration upon her estate were issued to the plaintiff.

There was also evidence to the effect that, at the first sheriff's sale, Max Ludwig had induced certain creditors to refrain from bidding, upon promises that he would settle their claims.

Defendant's fourth point, refused, is given in the opinion of the Supreme Court.

*Error assigned* was the refusal of defendant's fourth point, quoting it.

*George S. Ferris, Walton Pennewill, J. N. Anderson, W. I. Hibbs* with him, for appellants.

*B. F. McAtee* and *S. J. Strauss,* not heard, for appellee.

PER CURIAM, April 25, 1892 :

This was a feigned issue, under what is known as the sheriff's interpleader act. The only specification is, that the court erred in refusing to charge the jury as requested in the defendants' fourth point, which was as follows : " Under all the testimony in the case, the verdict should be for the defendant." The affirmance of this point would have withdrawn the case from the jury, which could not properly have been done under the evidence. There was nothing to impeach the bona fides of the judgment upon which the execution was issued, or the validity of the sheriff's sale. The property was purchased by the execution creditors of the husband, and subsequently transferred to his wife, who gave them her note therefor. Prior to the married person's property act of 1887, the transaction, under all our cases, would not have been valid against her husband's creditors. But the act referred to made a radical change in this respect. It gives a married woman the power of a feme sole as to the acquisition, ownership, possession, control, use and disposition of property of any kind, in any trade or business in which she may engage, or for necessaries, and for the use, enjoyment and improvement of her separate estate, and to make contracts of any kind, and to give obligations, binding herself therefor. In Real Estate Co. v. Roop, 132 Pa. 496, we placed a construction upon this act, and it was there held that it unfetters a married woman for three purposes, viz : (*a*) Where she engages in trade or business; (*b*) in the management of her separate estate; and (*c*) for necessaries; and that for any of these purposes she may bind herself and her estate or business by her contracts. This transaction comes directly within class (*a*), as the property was purchased and the note given by the wife for the purpose of engaging in business.

The learned judge left the case to the jury under very careful and accurate instructions. He said to them that if the transaction was a plan or scheme whereby the goods sold at the sheriff's sale were to be transferred nominally to Ellen Ludwig, but in reality for the ultimate benefit of her husband, with

intent to hinder and delay his creditors, it was a fraud upon them, and the property would be liable to their execution. The learned judge could not, with propriety, have gone further than this. Fraud is a fact to be proved. It cannot be assumed. There was no proof of actual fraud in the case. There was at most a mere suspicion, and this was not sufficient to base a verdict upon.

Judgment affirmed.