*William F. Causey,* for plaintiff.

*Edward Ridgely,* for defendant.

———◆———

ARNOLD KOHN ET AL. *vs.* SUSAN F. COLLISON.

Kent County, April Term, 1893.

**Married Woman.**—A married woman is not liable upon her indorsement of her husband's promissory note, which is used for the security of payment of his debts.

**Construction.**—In the construction of statutes the intent of the Legislature, gathered from what is embodied and expressed in the entire statute, is the vital part.

**Same.**—Statutes in derogation of the common law are construed strictly, remedial statutes are, as a rule, construed liberally to accomplish the intended purposes of the act.

CASE STATED.—This was an action on a promissory note by Arnold Kohn and others against Susan F. Collison, an indorser on the note for the accommodation of her husband. The facts were agreed to and stated for the opinion of the Court, as follows :

The parties mutually agree that this case shall be tried by the Court without the intervention of a jury. They also admit, for the purposes of this suit, the following facts, to wit: The suit is brought by the plaintiffs against the defendant as indorser of a promissory note, a true copy whereof, with the indorsements there-

on, here follows: " $203.90.   Dover, Del., Oct. 4th, 1891.   Sixty days after date I promise to pay to the order of Susan F. Collison, at the Farmers' Bank of the State of Delaware, at Dover, two hundred and three 90-100 dollars, without defalcation.   Value received.   H. C. Collison."   Indorsed: " Pay to the order of Kohn, Rosenheim & Co., No. 533 Market street, Philadelphia, Pa.  Susan F. Collison."   The due execution, indorsement, delivery, presentation, refusal of payment for want of funds, protest, and notice thereof is admitted.   It is also admitted that the defendant, Susan F. Collison, at the time of the making and indorsing said note, was and is still a married woman, being the wife of the maker, H. C. Collison, and living with him ; and that said note was given by the said H. C. Collison in part settlement of an antecedent indebtedness of the said H. C. Collison to the said plaintiffs, for goods sold and delivered to him in the course of his business as a merchant, and not on account or for the debt of the said defendant, or on account of her separate estate, and that said defendant was an accommodation indorser.

*J. Alexander Fulton* and *Van Dyke,* for plaintiffs.

*Edward Ridgely* and *Henry Ridgely, Jr.,* for defendant.

LORE, C. J., delivered the opinion of the Court.

The question in this case is, can a married woman be held liable upon her accommodation indorsement of her husband's promissory note, made by him, and indorsed by her, in payment of merchandise sold to him in the course of his business and in no wise necessary to be made with respect to her own property ?   This involves the construction of the several acts relating to married women, as they stood on the 4th day of October, 1891, the date the note in question was made and delivered.   It is conceded that at common law a married woman could make no such contract, and if such power now exists it is only because of statutes of this State enabling her to do so.   In construing statutes, the chief rule is to

ascertain the intention of the Legislature. The intent is the vital part, the essence of the law. Suth. St. Const., § 234, and cases cited. The titles of the several acts of Assembly on this subject are as follows: (1) Act March 17, 1865, (Vol. 12, c. 572), "An Act for the benefit of married women." (2) Act March 23, 1871, (Vol. 14, c. 80), "An Act to secure to married women certain of their own earnings." (3) Act April 9, 1873 (Vol. 14, c. 550), "An Act for the protection of women." All subsequent acts namely those of March 17, 1875; March 22, 1877; March 9, 1877, respectively (Vol. 15, cc. 165, 464 and 467), and those of February 27, 1879 (Vol. 16, c. 126), are only amendments to the previous statutes. In these titles the Legislature disclosed its intention to be to benefit, secure the earnings of, and to protect married women. We must gather this intent, however, from what is embodied and expressed in the statutes. Section 2 of the Act of April 9, 1873, says "that all debts contracted before marriage by the wife, or by her authority after marriage, shall be a charge on her real and personal property, and a judgment therefor may be recovered against her in her name." Rev. Code, p. 479. Section 4 declares "that any married woman may prosecute and defend suits at law or in equity for the preservation and protection of her property as if unmarried, or may do it jointly with her husband, but he alone cannot maintain an action representing his wife's property; and it shall be lawful for any married woman to make any and all manner of contracts necessary to be made with respect to her own property"—and suits may be maintained on such contract as though the party making them was a *feme sole*. Rev. Code, p. 479. Section 9, as amended, says "that where a married woman becomes the purchaser of real estate, she may secure the purchase money, or a part of it, by recognizance, bond, mortgage or otherwise as single women may, and her husband need not be a party, nor consent to such act of giving security; and in any case a married woman, above the age of twenty-one years, may give a bond with or without a warrant of attorney, just as if she were a *feme sole*—provided, however, that in case of her entering into recogni-

zance, or giving bond or mortgage or making other contracts, for the payment of money, her husband shall not be liable unless he be a party thereto." Rev. Code, p. 479, Laws Del., vol. 16, p. 188. It will be observed that Section 5 charges a wife's real and personal property with her debts contracted by her before marriage or by her authority after marriage. Section 4 enables her to make any and all manner of contracts necessary to be made with respect to her own property, and she is liable thereon as if a *feme sole;* and Section 9 enables her to secure the purchase money of real estate purchased by her, by recognizance, bonds, mortgage or otherwise, as a single woman may, and in any case, if she be over twenty-one years of age, to give a bond with or without warrant of attorney as if she were a *feme sole.* But Section 1 says "that the real and personal property of a married woman shall be her sole and separate property, and the rents, issues and profits thereof shall not be subject to the disposal of her husband or liable for his debts." These are the material parts of the married woman's law so far as it relates to this case.

The intention is to be ascertained by considering the entire statute. Every part must be construed with reference to the leading idea or purpose of the whole instrument. Suth. St. Const. § 239. Statutes in derogation of the common law are to be construed strictly. *Id.,* § 400. Remedial statutes are construed liberally to accomplish the intended purpose of the act. Apply these rules of construction to the statutes in hand. Their declared purpose is for the benefit and protection of married women. Where, then, either in the letter or the spirit of the law, is authority given to a married woman to become an accommodation indorser for her husband? The whole scope of the law is to destroy the common law control of the husband over the wife's property, and exempt it from liability for his debts; to protect her property, and even her consent, from the husband's control, in regard to her separate estate. Would not such a right in a married woman defeat the purpose of the law and enable her to make her separate property liable to her husband's debts? These statutes enable a married woman to make

any and all manner of contracts necessary to be made with respect to her own property. Under the most liberal construction of this law as a remedial law it would hardly be contended that such an indorsement is necessary to be made with respect to her property or for her benefit. To admit such right, on the contrary, would burden her property with the debts of an improvident or designing husband, and subject her to his persistent contraint and control— one of the very evils the statute was intended to remedy. Such a construction would permit the wife to make a contract which is absolutely without consideration, as she receives no benefit whatever therefor, with respect to her own property, as to which alone these statutes remove her common law disabilities. We can find nothing in the statute to show that the intent of the Legislature was to give the wife general power to contract with respect to subjects other than her own property. Examination of the decisions in other States on statutes in many respects similar to our own discloses that there have been two rules applied, the one strict, permitting the married woman to do no act that was not specifically named in the law; the other more liberal, to permit her to do any act or thing that came within the spirit of the law and tended to inure to her benefit, and to accomplish the purpose of the act. In no case has the wife been permitted to contract generally in respect to matters other than her own property, unless expressly authorized so to act as a *feme sole*. *De Vries vs. Conklin*, 22 Mich. 255 ; *West vs. Laraway*, 28 Mich. 464; *Russel vs. Bank*, 39 Mich. 671 ; *Insurunce Co. vs. McClellan*, 43 Mich. 564, 6 N. W. Rep. 88 ; *Habenicht vs. Rawls*, 24 S. C. 461 ; *O'Daily vs. Morris*, 31 Ind. 111 ; *Vankirk vs. Skillman*, 34 N. J. Law, 109 ; *Manchester vs. Sahler*, 47 Barb. 155 ; *Ames vs. Foster*, 42 N. H. 381 ; *Bank vs. Scott*, 10 Neb. 83, 4 N. W. Rep. 314; *Collins vs. Underwood*, 33 Ark. 265 ; *Jones vs. Crosthwaite*, 17 Iowa 393 ; Appeal of Roop (Pa. Sup.) 19 Atl. Rep. 278, 7 Lawy. Rep. Ann. 211, with notes ; *Crockett vs. Doriot*, 85 Va. 240, 3 S. E. Rep. 128 ; *Frecking vs. Rolland*, 53 N. Y. 422 ; *Yale vs. Dederer*, 22 N. Y. 450 ; *Speier vs. Opfer*, (Mich.) 40 N. W. Rep. 909, 2 Lawy. Rep. Ann. 345, and notes ; *Hoker*

*vs. Boggs,* 63 Ill. 161 ; *Howe vs. Wildes,* 34 Me. 566 ; *Spearman vs. Ward,* 114 Pa. St. 634, 8 Atl. Rep. 430 ; *Cary vs. Dixon,* 51 Miss. 593. In *De Vries vs. Conklin,* 22 Mich. 255, where a similar statute received a liberal construction as a remedial law, Judge Cooley uses this language : " But the statute neither in terms authorizes a married woman to make herself liable personally for the debts of another, nor, where no consideration moves to her, can it be presumptively for her benefit. It was no part of the design of the statute to relieve her of common law disabilities for any such purpose. Those disabilities are removed only so far as they operated unjustly and oppressively. Beyond that they are suffered to remain. Having been removed with the beneficent design to protect the wife in the enjoyment and disposal of her property for the benefit of herself and family, the statute cannot be extended by construction to cases not embraced by its language nor within this design." We are clearly of the opinion that no such contract can be made by a married woman as the one in the case before us. Judgment, therefore, must be entered in favor of the defendant for costs.