### Richmond.

### Duval and Wife v. Chelf & Co.

#### January 16, 1896.

1. Pleading—*Declaration on Contract of Husband and Wife.*—In an action against a married woman and her husband upon a contract made by them during coverture in the year 1886, where it appears on the face of the declaration that the defendants are husband and wife, it is necessary that the declaration shall aver not only that the wife made the contract sued on, but also to aver such a state of facts as will show that her promise was such a one as by the statute she had power to make.

2.—Separate Estate—*Action Against Wife—Personal Judgment—Effect of Judgment.*—If a married woman at the time of contracting a debt, in 1886, had a statutory separate estate, and intended to charge it with the payment of the debt, she may be sued on it in a court of law, and a personal judgment may be rendered against her under the provisions of sections 2289 and 2298 of the Code. And although the plaintiff may now obtain a personal judgment against her, he can only subject to its payment such separate estate as she owned when the contract was made, or so much thereof as is owned by her when the lien of the judgment and execution thereon attaches.

3. Separate Estate—*Intention to Charge—Presumption.*—When a married woman has a separate estate, legal or equitable, and executes a bond, note, or other instrument for the payment of money, it is presumed, as matter of law, unless the contrary intention is expressed in the contract, that she intended to make such estate liable for its payment, and she will not be heard to deny that such was her intention.

Error to a judgment of the Circuit Court of Culpeper county, rendered March 25, 1893, in an action of debt wherein the defendants in error were the plaintiffs, and the plaintiffs in error were the defendants.

*Reversed.*

This was an action of debt on a plain bond executed by V. W. Duval and A. J. Duval to C. F. Chelf & Co. The declaration was in the usual form, except that it complained " of V. W. Duval and A. J. Duval, his wife," &c. There was a demurrer to the declaration, which was overruled.

*Rixey & Barbour*, for the plaintiffs in error.

*A. McD. Green* and *W. L. Jeffries*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment rendered in an action of debt on a bond for the payment of money executed by a married woman and her husband during coverture.

The declaration was demurred to, upon the ground that it showed upon its face that the bond sued on was executed by a married woman during coverture, but failed to aver the existence of facts showing that she had the right or power to make such a contract.

The trial court overruled the demurrer, and this action of the court is assigned as error.

The common law as to the disability of married women to make contracts remains in full force in this State, except so far as it has been modified by statute. In order, therefore, to maintain an action at law upon a contract made by her during coverture under her statutory power to contract, it is necessary for the declaration, or other pleading filed in the cause, to aver, not only that she made the promise sued on, but to aver also such a state of facts as will show that her promise is such a one as, by the statute, she is rendered competent to make.

The bond sued on in this case was executed in the year

Opinion.

1886. As the law was at that time, a married woman, who was the owner of separate estate, statutory or equitable, could enter into engagements for the payment of which her separate estate could be subjected, but upon which no personal judgment or decree could be rendered against her.

By section 2298 of the Code of 1887 it is provided, among other things, that the remedies for and against a married woman and her estate, which had become her separate estate under acts of the General Assembly prior to the adoption of the Code of 1887, should be the same as those for and against a married woman and her estate which was made her separate estate by chapter 103 of that Code, except that the remedy provided for in section 3 of the act of April 4,'1877, (and which does not affect the question involved in this case,) should be reserved.

Sections 2288 and 2289 of the Code confer upon a married woman the power to make contracts in certain cases, and provide how contracts may be enforced, and are as follows:

" Sec. 2288. She may make contracts, as if sole, in respect to such trade, business, labor, services, and her said separate estate, or upon the faith and credit thereof; and upon such contracts, and as to all matters connected with, relating to, or affecting such trade, business, labor, services, or separate estate, and upon contracts and liabilities made or incurred before her marriage, she may sue and be sued in the same manner, and there shall be the same remedies in respect thereof, for and against her and her said estate, as if she were unmarried.

" Sec. 2289. In any case in which a married woman may sue or be sued under the provisions of the preceding section, a personal judgment or decree may be rendered for or against her; and when against her, the same may be enforced against her, and any separate estate she has or may subsequently acquire (but only against such estate), in the same manner as if she were unmarried."

It will be seen from these sections of the Code that a married woman may make contracts with reference to her statutory separate estate as if sole, and that she may be sued upon

them in the same manner, and that there shall be the same remedies in respect to them against her and her said estate, as if she were unmarried, and that a personal judgment or decree may be rendered against her, which may be enforced against her and any separate estate she has or may subsequently acquire (but only against such estate), in the same manner as if she were unmarried.

The contract sued on in this case, if made by Mrs. Duval when she was the owner of statutory separate estate, and with the intention of charging that estate with its payment, can be sued on in a court of law, and a personal judgment rendered against her, under the provisions of the Code referred to; and, although the plaintiffs may now obtain a personal judgment against her, under the provisions of the Code, for their debt, they can only subject to its payment such separate estate as she owned when the contract was made, or so much thereof as is owned by her when the lien of the judgment and execution thereon attaches. *Crockett* v. *Doriot*, 85 Va. 240. A change in the remedy for the enforcement of the contract did not change the rights of the parties under it.

The court in this case could make no order for the sale of her separate estate, whether it be personal or real, but the judgment must be enforced against such estate by execution or bill in equity, in the same manner that it would be enforced against her property if she were unmarried.

The declaration shows that Mrs. Duval was a married woman when the bond sued on was executed, but it contains no averment of facts showing that she had the power, as a married woman, to make such a contract. The ground upon which the plaintiffs sought to hold her or her estate responsible for the payment of the bond was that, when she executed it, she was the owner of statutory separate estate, and that, by executing it, she intended to charge such estate with its payment. These facts ought to have been averred in the

declaration. Without such averments the declaration was fatally defective as to Mrs. Duval, and the demurrer as to her should have been sustained, and leave given the plaintiffs to file an amended declaration, if they might be so advised.

It is also assigned as error that the court improperly sustained a demurrer to a special plea filed by the defendants, in which they aver that the wife, when she executed the bond sued on, was the owner of separate estate, but deny that she intended to charge such estate with the payment of the bond when she executed it.

When a married woman has separate estate, legal or equitable, and executes a note, bond, or other instrument for the payment of money, it is presumed, as a matter of law, unless the contrary intention is expressed in the contract, that she intended to make such estate liable for its payment, and she will not be heard to deny that such was her intention. She must have intended something when she executed it, and that something must have been to charge her separate estate with its payment; otherwise her act would be meaningless, under the law as it was when this contract was made. Now, by the express terms of the statute, such contracts, made since the 1st day of May, 1888, are deemed to be made with reference to such estate. *Garland* v. *Pamplin*, 32 Gratt. 305, 318; *Frank* v. *Lilienfeld*, 33 Gratt. 377, 398; Burks's Sep. Est. 26–28, 86; *Price* v. *Planters National Bank*, (decided at this term of the court,) *ante*, p. 468; Code 1887, sec. 2295.

The demurrer to the special plea was therefore properly sustained by the court.

The judgment of the Circuit Court, and also its order overruling the demurrer to the declaration, must be reversed and set aside; and this court will enter such order as the Circuit Court ought to have entered, sustaining the demurrer to the declaration as to Mrs. Duval, and giving leave to the plaintiffs to amend their declaration, if they should be so advised; and

the cause will be remanded to the Circuit Court, there to be proceeded with in accordance with the views expressed in this opinion.

*Reversed.*