98 | 121
98 | 288
98 | 290

## Richmond.

HIRTH v. HIRTH.

FEBRUARY 15, 1900.

1. MARRIED WOMEN—*Contracts—Separate Estate—Pleading.*—A married
woman is now, as at common law, incapable of making a contract,
unless she owns some separate estate at the time the contract is
made, and a declaration which fails to aver such ownership is bad
on demurrer.

Error to a judgment of the Law and Equity Court of the city
of Richmond, rendered April 12, 1899, in an action of *assump-
sit,* wherein the defendant in error was the plaintiff, and the
plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Leake & Carter* and *Wm. H. Sands,* for the plaintiff in error.

*Christian & Christian* and *Davis & Davis,* for the defendant
in error.

HARRISON, J., delivered the opinion of the court.

The plaintiff in error insists that the court below erred in
overruling her demurrer.

The declaration shows on its face that the promise sued on was
made by a married woman, during coverture, to assume the debt
of her husband.  The ground of the demurrer is that the decla-
ration does not aver that the plaintiff in error owned separate
estate at the time the promise sued on was entered into; the

contention being that such an allegation is essential because she had no power to make the alleged contract unless she did own separate estate. At common law a married woman had no power to contract; her engagements were simply void. This common law disability remains in full force in this State except so far as modified by statute. The only power a married woman has to contract is conferred by section 2288 of the Code, which is in these words:

"She may make contracts as if sole, in respect to such trade, business, labor, services, and her said separate estate, or upon the faith and credit thereof; and upon such contracts, and as to all matters connected with, relating to, or affecting such trade, business, labor, services, or separate estate, and upon contracts and liabilities made or incurred before her marriage, she may sue and be sued in the same manner, and there shall be the same remedies in respect thereof, for and against her and her said estate, as if she were unmarried."

This act does not confer upon a married woman power to contract generally. It limits such power to married women who have separate estates. Chapter 103 of the Code, relating to the separate estate of married women, was the result of serious consideration, and much labor on the part of its authors, and, as said by another, "If the object of the revisors had been to emancipate all married women from the disabilities of coverture there would have been no need of chapter 103 of the Code, but it might have been accomplished in a few brief sentences in one section." See note to *Dezendorf* v. *Humphreys*, 3 Va. Law Reg., p. 797. We hold, therefore, that a married woman is now, as at common law, incapable of making a contract, unless she owns separate estate at the time the contract is made.

The ownership of separate estate by a married woman being a prerequisite to the exercise by her of any contractual power, it follows that, in order to maintain an action at law upon a contract made by her during coverture, it is necessary for the declaration, or other pleading filed in the cause, to aver that she not

only made the promise sued on, but to aver also such a state of facts as will show that her promise is such as, under the statute, she was authorized to make. *Duval* v. *Chelf*, 92 Va. 489.

The questions raised on the merits may be different on another trial, and therefore should not be considered now.

For these reasons we are of opinion that the demurrer to the declaration should have been sustained. An order will therefore be entered reversing the judgment, setting aside the verdict, sustaining the demurrer, and remanding the cause for a new trial, with leave to the defendant in error to amend her declaration.

*Reversed.*