## D. W. Harley, Appellant, *v.* Maurice Leonard and J. B. M. Todd, Executor of Elizabeth Leonard, deceased.

*Married women—Incapacity to become surety—Effect of divorce a mensa and decree making her a feme sole trader.*

The disability of a married woman to become an accommodation indorser, guarantor or surety for another exists under the acts of 1887 and 1893.   A divorce a mensa et thoro granted the wife with alimony cannot be so construed or applied as to make her anything else than a married woman in her contracts; neither will the wife's settlement with an absconding husband of her claim for money under such divorce proceedings by accepting land in lieu of money, nor the fact that she has been declared a feme sole trader, change the result.

*Married women—Statutes—Acts of 1887 and 1892—Interpretation.*

The expressed intent of the married woman's acts of 1887 and 1893 is to enlarge the powers of a married woman to contract and the courts have sought to give full effect to this intent in interpreting these acts; and while the primary intent is not to be restricted by interpretation, plain restrictions are not to be enlarged by the same means.

Argued March 10, 1897.    Appeal, No. 9, March T., 1897, by plaintiff, from decree of C. P. Juniata Co., April T., 1889, No. 110, revived to April T., 1894, No. 115, opening judgment as to Elizabeth Leonard.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

* Rule to open judgment as to Elizabeth Leonard.    Before J. M. BAILEY, P. J., of the 20th judicial district, specially presiding.

It appeared that Elizabeth Leonard, a married woman, who had secured a divorce a mensa et thoro and had also been decreed to be a feme sole trader, had together with her son and as his surety executed a joint judgment exemption note

432    HARLEY, Appellant, *v.* LEONARD et al.

Statement of Facts—Opinion of the Court.    [4 Pa. Superior Ct.

for the sum of $500, which had subsequently been revived for $650. After the death of Elizabeth Leonard a petition was filed by her executor to show cause why judgment should not be opened and he be let into a defense, which rule was subsequently made absolute by the court below. Plaintiff appealed.

*Error assigned* was making the rule to open judgment absolute and in opening the judgment as to Elizabeth Leonard.

*Will L. Hoopes* and *L. E. Atkinson* of *Atkinson & Pennell,* for appellant.—As to the effect of the divorce a mensa et thoro cited: Clark v. Clark, 6 W. & S. 87.

The act of the husband in renouncing his marital rights and putting himself permanently beyond the process of the courts of Pennsylvania was held sufficient to remove the disabilities of covertures and allow the wife to contract as if sole: Danner v. Berthold, 11 Mo. App. 351; Gregory v. Pierce, 45 Mass. 478; Abbot v. Bayley, 23 Mass. 89; Chapman v. Lemon, 11 Howard (N. Y.), 235. See also Schouler's Domestic Relations, sec. 219 (4th ed.); Schouler on Husband and Wife, sec. 486; Cord on Legal and Equitable Rights of Married Women, sec. 1338 (2d ed.); Bishop on Marriage, Divorce and Separation, secs. 1335–1353.

*J. Howard Neely,* for appellees.—The act of 1887 was clearly not intended to permit a married woman to become a surety.

Where the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith: Bradbury v. Wagenhorst, 54 Pa. 180.

A divorce a mensa et thoro on the ground of desertion does not effect the wife's right to administer on her husband's estate: Fyock's Est., 135 Pa. 522; and a feme sole trader can only incur liabilities for necessaries and for the purposes of the trade in which she is engaged, or at least upon some substantial consideration moving to her: Jacobs v. Featherstone, 6 W. & S. 346. It was expressly ruled that she could not become surety for another: Cochran v. Garrettson, 1 Leg. Gaz. Rep. 218.

OPINION BY ORLADY, J., April 12, 1897:

Elizabeth Leonard was married to Samuel Leonard Febru-

ary 12, 1839, and they lived together as man and wife until December, 1875, when the husband deserted his wife and went to Tennessee with another woman, with whom he is still living in that state.

On May 1, 1875, Elizabeth Leonard in the court of common pleas of Juniata county, Pennsylvania, secured a decree in divorce a mensa et thoro against Samuel Leonard. In this action she was awarded the sum of $240 alimony annually. After futile attempts to enforce the decree and secure payments under it, the differences between the parties were amicably adjusted in 1888 by the defaulting husband conveying certain real estate to her and releasing his interest therein as tenant by the curtesy, and she executed and delivered to him a " release of all claims for alimony, past, present and to accrue, all claims for future maintenance, and all claims for dower which she might have in all real estate which he then had or might afterwards acquire."

On March 10, 1885, Elizabeth Leonard was on her petition declared a feme sole trader under the act of February 23, 1718, and of May 4, 1855.

Maurice Leonard, one of the defendants, was indebted to the plaintiff in the sum of $500, to secure which, he gave him a judgment note with one James Smith as surety. The surety failing in business, a demand for payment or other security was made by D. W. Harley of Maurice Leonard, who with Elizabeth Leonard on March 31, 1889, gave to the plaintiff a joint judgment note for the same amount payable one day after date, on which a judgment was entered to No. 110, April term, 1889, and revived against both on March 29, 1894, for the sum of $650.

Elizabeth Leonard died December 24, 1894, and J. B. M. Todd, her executor, presented his petition to the court of common pleas, setting forth the above facts, and prayed for a rule to show cause why the judgment should not be opened as to Elizabeth Leonard.

A rule was granted and after hearing was made absolute.

It is admitted by the appellant, that when Elizabeth Leonard signed the note her husband was living in Tennessee, and that she was surety for her son, but he contends, that the total, final and absolute desertion of the wife by the husband; his con-

tinued living in Tennessee with another woman as his wife; the divorce making her a feme sole trader on her own petition; the release to the husband from all claims for alimony past, present and to accrue; "relieved her of all and every disability of marriage and that she was legally bound to the plaintiff."

The piecemeal legislation on the subject of married woman's rights was finally by the Act of June 3, 1887, P. L. 332 so enlarged that the rule was changed. Formerly her capacity to contract was exceptional and her disability general; now the disability is exceptional and her capacity general: Patrick & Co. v. Smith, 165 Pa. 526; so general is her power to contract now, that her inability is the exception rather than the rule; Latrobe, etc., v. Fritz, 152 Pa. 224; but in the most liberal of all legislation on the subject of her rights and liabilities there were restrictions and limitations.

In the married persons' property act of June 3, 1887, which was in force when this contract was made, her authority was limited by the proviso to the second section: "That nothing in this or the preceding section shall enable a married woman to become accommodation indorser, guarantor, or surety for another," and while this act was expressly repealed by the Act of June 8, 1893, P. L. 344, which enlarged her capacity to acquire and dispose of property, to sue and to be sued, etc., the prohibition was as emphatic in the second section, "but she may not become accommodation indorser, maker, guarantor, or surety for another."

It was the expressed intent of both acts to enlarge the powers of married women to contract, and this court has sought to give full effect to this intent in interpreting. While this primary intent is not to be restricted by interpretation, plain restrictions are not to be enlarged by the same means. This act declared the married woman might bind herself by many contracts which heretofore she could not legally make, yet it expressly continued her disability "to become an accommodation indorser, guarantor, or surety for another:" Patrick & Co. v. Smith, 165 Pa. 526.

The essential facts in this case are admitted; when the note was signed her husband was living, and her relation to the note, the maker, and the consideration was that of surety for her son.

In no act of assembly or decided case can there be found any authority for holding her liable under these admissions. Nor can a divorce a mensa et thoro granted the wife with alimony

be so construed or applied as to make her anything else than a married woman in her contracts.  Her settlement with an absconding husband, of her claim for money under the divorce proceeding by accepting land in lieu of money, or in one payment instead of through years cannot be held to be anything else than a businesslike adjustment of a claim of doubtful value.

She was still the wife of Samuel Leonard.  A divorce a mensa et thoro does not destroy the relation of marriage, but merely suspends some of the obligations arising out of that relation : Clark v. Clark, 6 W. & S. 85.

Under the decree the wife would be entitled to dower and the husband to curtesy ; neither right being destroyed by divorce a mensa et thoro : Thorndell v. Morrison, 25 Pa. 326.  The exchanged releases were necessary to discharge and bar dower and curtesy : Nye's Appeal, 126 Pa. 341.  It did not affect her right to administer on his estate as his widow : Fyock's Estate, 135 Pa. 522.  Whether he resided in Pennsylvania or Tennessee was not material, as it was his wilful desertion without regard to his subsequent residence which entitled her to the decree.

Nor does it change the result that she was a feme sole trader.  There is no necessity for a decree that a wife is to be held a feme sole trader in order to entitle her to the privileges conferred by the act of May 4, 1855 : Black v. Tricker, 59 Pa. 13 ; Orrell v. Van Gorder, 96 Pa. 180 ; Bank v. Denig, 131 Pa. 241.

Her rights result from the fact of her husband's desertion or neglect to provide for her and not from the certificate.

The desertion by the husband, however long continued or wherever his residence, did not annul the marriage relation, and the decree of the court authorizing the deserted wife to act as a feme sole trader did not confer any contractual right on her to bind her separate estate as surety for another.

The judgment was voidable and the application to set it aside is made in her name : Koechline v. Henkel, 144 Pa. 215.

In this case as in Real Estate Co. v. Roop, 132 Pa. 496, "It is conceded that this judgment was given by a married woman.  It was not pretended that it was done in the management of, or for the benefit of her separate estate, or in the prosecution of any business in which she was engaged, or for necessaries ;" in which case it was held that the judgment was confessed without

authority and void as to the married woman, and was stricken from the record.

The assignments of error are not sustained and the judgment is affirmed.