William Henry and Joseph L. Wright, Partners, doing business as William Henry & Co. v. S. E. Bigley, Appellant.

*Married woman—Surety—Indorsement of promissory note.*

A married woman's indorsement of a promissory note without consideration is regarded as an ordinary suretyship.

A married woman indorsed a note payable to herself and delivered same to plaintiffs in payment of her husband's note. *Held*, that an affidavit in a suit against her as indorser setting up the above facts, was sufficient.

Submitted April 26, 1897. Appeal, No. 103, April T., 1897, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1896, No. 127, on judgment for plaintiff for want of a

sufficient affidavit of defense.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Reversed.

Assumpsit on a promissory note.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense for $108.60.   Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*A. H. Mercer* and *W. O. McNary*, for appellant.—The contract entered into by the appellant was a contract of suretyship which appellant is prohibited from making : Reigart v. White, 52 Pa. 438 ; Patrick & Co. v. Smith, 165 Pa. 526 ; Weigle v. Mercer, 1 Pa. Superior Ct. 490.

This case is a repetition in all essentials which differentiates accommodation notes of the case of Appleton v. Donaldson, 3 Pa. 381.

No paper-book or appearance, for appellee.

OPINION BY SMITH, J., July 23, 1897 :

This action was brought to recover from the defendant, a married woman, the amount of a promissory note made payable to her order and indorsed in her name, and delivered to the plaintiffs. in payment of her husband's individual debt.   The indorsement of the note in her name and the delivery to the plaintiffs were made by the husband and afterward ratified by the defendant.   In her affidavit of defense, the defendant says, that the note was received for her in the course of her separate business ; that she was not indebted to the plaintiffs in any sum whatever ; that she received no value for her indorsement, and that as to her the transfer of the note was without consideration.   It is further alleged that the note was delivered to the plaintiffs in payment of her husband's debt, for which she was in no way responsible, and that it is sought by this proceeding to hold her liable under her indorsement, as a guarantor. Notwithstanding these averments the court below entered judgment for the plaintiffs for want of a sufficient affidavit of defense.   In this there was error.

The Act of June 8, 1893, P. L. 344, does not enable a married

woman to incur liabilities beyond those necessary for the full exercise and enjoyment of the powers conferred upon her. The extent of those powers defines the limit of her liability, and this may be readily ascertained by reference to the acts of assembly on the subject. Recent legislation has made important changes in the relative rights and liabilities of married women. "Formerly (a married woman's) capacity to contract was exceptional and her disability general . . . . Now her disability is exceptional and her capacity general." This transition has been effected by statute and in determining the rights and liabilities of married women we must, therefore, be guided by the statutory provisions concerning them. By section 2 of the act of June 8, 1893, the power of a married woman to " become accommodation indorser, maker, guarantor or surety for another," is expressly withheld. The disability of a feme covert to bind herself for the debt of another is thus continued.

That the defendant in the present case had a right to bring suit on the note in her own name without indorsing it, cannot well be disputed: Huling v. Hugg, 1 W. & S. 418. And we have no doubt she had a right to transfer the title and negotiable qualities of the paper by her indorsement, and, in a proper case, perhaps, bind herself by that act. Under the law the rights of an indorser of commercial paper are less and his liabilities greater than those of a surety: Stephens v. Bank, 88 Pa. 157 ; McCamant v. Bank, 15 W. N. C. 122; yet the contract of indorsement is frequently spoken of as one of suretyship: Stephens v. Bank, supra: Bank v. Henninger, 15 W. N. C. 33; and a married woman's indorsement of a negotiable instrument without consideration is regarded by the courts as an ordinary suretyship: Wiltbank v. Tobler, 181 Pa. 103. Assuming as we must for the purposes of this appeal that the averments of the affidavit of defense are true, it would appear that the principle of the latter case controls this one. It is clearly an attempt to hold a married woman liable upon her indorsement, which under the authority of the case referred to, is but a contract of suretyship, and therefore within the express prohibition of the statute. Whether considered as a surety or as an accommodation indorser, the defendant lacked the power to bind herself for her husband's debt and the judgment entered against her must be set aside.

The judgment is reversed and a procedendo awarded.