## Bank *v.* Short.

*Married woman's promissory note—Accommodation surety.*

A married woman is not liable as maker of a note where the verdict of the jury establishes that in giving a note she was an accomodation surety for her husband.

*Banks and banking—Married woman's note.*

When a banker discounts a note of a person known by him to be a married woman on which others are associated, he is chargeable with knowledge that there is a statutory limitation on her power to make such paper.


Argued May 22, 1900.   Appeal, No. 101, April T., 1900, by plaintiff, in suit of First National Bank of North East, Penna., against Helen A. Short, from judgment of C. P. Erie Co., Sept. T., 1897, No. 27, on verdict for defendant.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by ORLADY, J.   W. D. PORTER, J., dissents.


Assumpsit to recover the sum of $1,000, with interest, on a promissory note.   Before THOMAS, P. J.

It appears that there was evidence tending to show that L. Merket and Alfred Short, being each the owner of stock of the Eureka Tempered Copper Works, disagreed in respect to the business of the company, whereupon an offer was made by Short to buy or sell, on terms stated by him.   On the following day Merket accepted the offer of Short to buy his stock. As part of the purchase price Short agreed to give notes signed by his wife, the appellee in this case, and indorsed by his father, Samson Short.

[At the trial it appeared that defendant offered and the court admitted in evidence the supplemental answer of the defendant filed in the case of E. M. Reardon, Cashier, v. Helen A. Short et al.] [7]

Defendant submitted among others the following point:

[2. That if the said Helen A. Short was informed when requested to sign the note in suit, that the same was to be given by her husband as part purchase money of the stock purchased by him from the said Merket, it was in effect the giving of her

note for his debt, and was therefore absolutely null and void. *Answer:* Affirmed.] [3]

Plaintiff submitted the following point:

[1. If the jury find from the evidence that the plaintiff became the owner and holder of the negotiable note in question, for value, before maturity, in the regular course of business, without notice of the defense now attempted to be made thereto, the verdict must be made for the plaintiff for the amount of the note and the interest thereon. *Answer:* Denied.] [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) in refusing plaintiff's first point, reciting point and answer. (3) In affirming defendant's second point, reciting point and answer. (7) To ruling on evidence, reciting same.

*E. L. Whittelsey*, with him *J. M. Force*, for appellant.—Prior to the married persons' property Act of June 3, 1887, P. L. 332, supplemented by the Act of June 8, 1893, P. L. 344, a married woman's note was void and no action could be maintained upon it. She then had no power to make a note of any kind. Her note was void and her coverture was a complete defense to a recovery on it. Since the passage of those acts, both the rights and liabilities of married women in Pennsylvania have been greatly and radically changed and enlarged.

The authorities that were applicable to questions arising before the passage of that act are entirely inapplicable now. Even a judgment against a married woman was then presumably void. It is now presumably valid. And it has been held by the Supreme Court that it is no longer necessary to such validity to set out on the record the facts which before the act were necessary to give the judgment validity: Abell v. Chaffee, 154 Pa. 254; Adams v. Gray, 154 Pa. 258; Campe v. Horne, 158 Pa. 508; Stahr v. Brewer, 186 Pa. 623.

*Frank Gunnison* and *George A. Allen* with them *Louis Rosenzweig*, for appellee.—In Endlich's and Richards's Rights and Liabilities of Married Women, sec. 158, the law is thus laid

down: "so far as accommodation indorsements and contracts of guaranty and suretyship for another are concerned, the act of 1887 leaves a married woman where the common law put her; such contracts are void. This result, it would seem, would have followed from the necessary exclusions resulting from the grant of a right to contract for the benefit of her estate. Under a statute which was held to confer that power, it was decided that a note of a married woman given by her merely as surety or accommodation maker for the debt of another, could not be enforced against her, citing Kavanagh v. O'Neill, 53 Wis. 101. So in New York, the note of a married woman given before the act of 1883 to secure the debt of her husband was void (Linderman v. Farquharson, 2 Cent. Repr. 494), as was a bond given by her as surety for a guardian: Gosman v. Cruger, 69 N. Y. 87. So in Connecticut, her joint note given to enable her husband to raise money to perfect a compromise with his creditors: National Bank v. Smith, 43 Conn. 327. So under the Iowa Revision, sec. 2506, in Michigan, in Georgia, in Arkansas and in South Carolina, citing cases from each of those states. But the act of 1887 gives her greater power to contract than merely for the benefit of her estate; it enables her to make all the usual and proper contracts in any trade or business in which she may engage, and for necessaries. Especially in the former, and to some extent in the latter, accommodation paper, guaranties and suretyships would seem to be included, were it not for this prohibition. Under it, every contract which resolves itself into one imposing responsibility upon a married woman collaterally, in behalf of another person, is rendered unlawful. The holder of an accommodation note of a married woman, even bona fide and for value, cannot recover on it. See also Scudder v. Gori, 18 Abb. Pr. 228, 28 How. Pr. 155, Unger v. Boas, 13 Pa. 601, Harper v. Young, 112 Pa. 419, and Unangst v. Fitler, 84 Pa. 135.

If in fact the transaction was one of suretyship or in the nature of accommodation paper, it has been held void for lack of power: Real Estate Co. v. Roop, 132 Pa. 496; Patrick v. Smith, 165 Pa. 526; Wiltbank v. Tobler, 181 Pa. 103; Harley v. Leonard, 4 Pa. Superior Ct. 431; Henry v. Bigley, 5 Pa. Superior Ct. 503; Weigle v. Mercer, 1 Pa. Superior Ct. 490.

And these cases show that courts will look beyond the mere form of the engagement which is sought to be enforced, and if

in reality it is a contract to pay or become surety or guarantor for the debt of another, it will be held to be beyond the power of a married woman, and, therefore, void.

These authorities establish beyond dispute that the note upon which this action was brought is utterly void. Being void, no action can be maintained upon it even by an innocent holder for value, before maturity: Unger v. Boas, 13 Pa. 601; Harper v. Young, 112 Pa. 419.

OPINION BY ORLADY, J., July 26, 1900:

The First National Bank of North East brought suit against Helen A. Short to recover on a promissory note which it had purchased before maturity in the usual course of business. A plea of nonassumpsit was filed and, later, a special plea alleging coverture of the defendant and that the note upon which the suit was brought was not given by her for her own debt, but as surety for the debt of her husband.

The proviso of section 2 of the Act of June 3, 1887, P. L. 332, viz: " Provided, however, that nothing in this or the preceeding section shall enable a married woman to become accommodation indorser, guarantor or surety for another," and the positive declaration in section 2 of the Act of June 8, 1893, P. L. 344, viz : " but she may not become accommodation indorser, maker, guarantor or surety for another," leaves the instrument on which this suit is founded subject to the common law defenses of a married woman. Under the facts, as determined by the verdict, it was absolutely void for the reason that she had no power to make such an accommodation note. The act of 1887 unfettered a married woman to a limited extent only and did not clothe her with a general power to contract as a feme sole : Real Estate Ins. Co. v. Roop, 132 Pa. 496 ; Koechling v. Henkel, 144 Pa. 215.

The note in suit was not given for any of the three purposes viz : (*a*) where she engages in trade or business ; (*b*) in the management of her separate estate ; nor (*c*) for necessaries, in regard to which, under the act 1893, a married woman may " make contracts of any kind, and give obligations binding herself therefor." The act of 1887 was expressly repealed by the act of 1893, but the quoted proviso of the act of 1887 was incorporated in the latter, and the decisions under the earlier act apply with equal force to both.

In this case the wife is the drawer of the note. In Patrick & Co. v. Smith, 165 Pa. 526, it is said that, " the act does not use the words 'accommodation drawer;' but, in substance, what is an accommodation drawer but a surety for him to whom the paper is delivered and for whose benefit it is made? 'The undertaking in suretyship is immediate and direct, that the act shall be done; if not done, the surety becomes at once responsible:' Reigart v. White, 52 Pa. 438. The debt here was the debt of the husband; as between him and the banker he alone was bound to pay it; the wife gave her own obligation, by the terms of which she at once became responsible, and hence a surety for her husband's debt or the debt of another. If the note, under the statute, had bound her, and she had been compelled to pay, she would have had a right of action against him, on the principle of her suretyship for him, and in no other right."

In Harper v. Oneil, 194 Pa. 141, the Supreme Court said that, " the form of the note might have led one without knowledge of the transaction to regard the wife as the principal debtor, and have required proof from her that she was an accommodation maker; but the party who made the loan was not without knowledge." The plaintiff's cashier, when he purchased this note for the bank, knew that the defendant was then a married woman, and if he had made inquiry at that time he would have learned that she was an accommodation maker on this note, for her husband; and that, as in Real Estate Co. v. Roop, supra, " it was given upon his importunity, and to aid him in his business, one of the very perils from which the law ought to protect a married woman." So given, the note was absolutely void, it being of a kind expressly prohibited by the act of assembly: Weigle v. Mercer, 1 Pa. Superior Ct. 490; Harley v. Leonard, 4 Pa. Superior Ct. 431; Henry v. Bigler, 5 Pa. Superior Ct. 503.

The act of 1893 is now the source of contracting power of a married woman. By it she " may not become accommodation maker, indorser, guarantor or surety for another." This species of liability she is still unable to incur, and hence her inability to make such contracts must be adjudged upon the same principles and authorities as were applicable prior to the new legislation. Governed by those principles, and acting upon those authorities, there is no room for argument or discussion upon the question of her liability: Wiltbank v. Tobler, 181 Pa. 103.

The facts being found by the jury as assumed in the points submitted by the defendant, it was proper to affirm them.

It was not error to receive in evidence the supplemental answer of the defendant. The plaintiff opened the door to this inquiry in seeking to bind her by her declarations made in the answers in the attachment proceedings. She had the right to explain the circumstances under which they were made, and that she had inadvertently misstated a fact. The apparent contradictions in her testimony and supplemental answer from the answers made in her answers in the attachment proceedings would affect her credibility, but the evidence was properly submitted to the jury. She was not making evidence for herself in notifying the plaintiff, as soon as she was advised of her misstatement of a fact, that an explanation would be urged in her defense. To give prompt notice rather than to withhold it until the trial was evidence of her fairness. The verdict of the jury establishes that in giving the note she was an accommodation surety for her husband ; that she was not engaged in business of any kind ; that the note was in part payment for shares of stock which were purchased by her husband from L. Merket, and that despite the device of the assignment of the stock to her, she never knew of, authorized or ratified it. The note being absolutely void as to her when it was signed, no subsequent negotiation could vitalize it into a form which she could not defend against. Every one is presumed to know the law, and when a banker discounts the promissory note of a person known by him to be a married woman on which others are associated, he is chargeable with knowledge that there is a statutory limitation on her power to make such paper. It is not a recent restraint, but existed at common law, and has been sedulously preserved through all legislation affecting her power to contract.

The assignments of error are overruled and the judgment is affirmed.

W. D. PORTER, J., would reverse upon the seventh assignment of error.