# Algeo *v.* Fries, Appellant.

*Married women—Husband and wife—Principal and surety—Presumption.*

Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety. This is a matter of defense, and, like other joint debtors, either may show, as against any party to be affected in law by such proof, that he or she is in fact a surety for the other. When this is done by the wife the act of June 8, 1893, makes her obligation void.

On a rule to open a judgment entered on a judgment bond signed by a husband and wife, the wife claimed that she had signed the bond as surety for her husband. The evidence, however, showed nothing in relation to an indebtedness of the husband to the plaintiff as the consideration of the bond, and nothing to indicate that the plaintiff in any manner induced the wife to sign the bond, or understood that she signed as surety. *Held,* that the rule to open judgment was properly discharged.

Argued Dec. 17, 1903. Appeal, No. 222, Oct. T., 1903, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 110, discharging rule to open judgment in case of Margaret C. Algeo v. Colin A. Fries and Ella A. Fries. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*J. H. Brinton,* with him *George McCurdy,* for appellant.

*Jay R. Grier,* for appellee.

OPINION BY SMITH, J., March 14, 1904:

The point presented in the appellant's statement of the question involved, while in form relating only to the validity of a judgment entered on a bond and warrant given by a married woman to secure the debt of her husband, necessarily includes the question of fact whether the bond, in the case before us, is of this character. These are the only matters that here require consideration.

As to the validity of such a judgment, the law is well settled. A married woman cannot, by bond or otherwise, assume an obligation for the debt of another, except by her deed or mortgage. But the question of the validity of her obligation can arise only when in fact it is given for another's debt; and this is really the only matter here in controversy.

Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety. This is a matter of defense; and, like other

joint debtors, either may show, as against any party to be affected, in law, by such proof, that he or she is in fact a surety for the other. When this is done by the wife, the act of June 8, 1893, makes her obligation void.

In the present case, the obligation is prima facie the debt of both obligors, as fully as if they were not husband and wife. The wife, however, alleges that she is a surety for her husband. This is denied by the plaintiff. The wife avers that the bond was given for arrears of rent due the plaintiff by her husband; the plaintiff denies this, and avers that the bond was given for money lent by her to the defendants, with no knowledge on her part respecting its use or the purpose of the loan.

The evidence is wholly insufficient to sustain the wife's allegation of suretyship for her husband. She testified that the bond was given for the rent of her husband's place of business; that she was not interested in his business and had no money invested in it; that the execution of the bond " did not pertain to her estate or to the payment of any obligation of hers;" and that she was not at any time indebted to the plaintiff. In her petitions, she alleged that she executed the bonds " solely for the accommodation of her husband, upon urgent solicitation of him and the said plaintiff." As a witness, she testified that the bond was signed at Thomas Gayley's office, at her husband's request, and " to satisfy Mr. Gayley; " the latter being the person from whom her husband rented his place of business, and the persons present being her husband, herself, and Mr. Gayley. She further testified that Gayley was an agent; that she did not know for whom, but " was under the impression that it was for a person named Smith; " and added: " I know nothing of this person called Algeo." This flat contradiction of her allegation, in both petitions, that she " signed the bond at the urgent solicitation of her husband and the plaintiff," is significant with respect to her credibility.

The evidence thus cited is all that was offered on the subject of the wife's suretyship. It shows nothing in relation to an indebtedness of the husband to the plaintiff, as the consideration of the bond, and nothing to indicate that the plaintiff in any manner induced the wife to sign the bond, or understood that she signed as surety. It exhibits nothing that in any degree affects the prima facie character of the bond as a joint ob-

ligation. Hence the rule to open the judgment was properly discharged, and the discharge of the rule to dissolve the attachment was a necessary sequel.

The orders made by the court below are affirmed.