# Dawson, Appellant, v. Strouss.

*Judgment—Opening judgment—Bond of indemnity—Breach—Burden of proof—Evidence.*

A judgment entered upon a bond of indemnity will be opened where the plaintiff fails to sustain the burden of proving that a breach of the bond had been committed.

Argued Oct. 22, 1907. Appeal, No. 21, Oct. T., 1907, by plaintiff, from order of C. P. Washington Co., Feb. T., 1907, No. 230, opening a judgment in case of Joseph S. Dawson v. Lawrence D. Strouss. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Petition to open judgment.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order opening the judgment.

*Wm. C. Boyd*, with him *M. H. Stevenson* and *J. C. Ewing*, for appellant.

*Carl E. Gibson*, with him *Charles G. McIlvain* and *W. K. Vance*, for appellee.

Per Curiam, January 6, 1908 :

The judgment was entered on a bond of indemnity which after reciting that defendant had sold to plaintiff a certain tract of land, was conditioned that the defendant (vendor) should keep harmless and indemnify the plaintiff (vendee) of and from " the dower or thirds which Emily Strouss, widow of David Strouss and grandmother of the said Lawrence D. Strouss (defendant) shall or may claim in the premises, and of and from all actions, suits, payments, costs, charges and damages for and by reason thereof."

Being a bond of indemnity the burden of proof of a breach was upon plaintiff. Judgment was entered on the bond in 1884 and revived in 1889 for want of appearance. The state-

ment of breach in either judgment is not furnished to us, but in the present action sci. fa. to revive (issued January, 1905, but number and term not given) in which judgment was also entered for default of appearance, the statement does not aver any specific breach of the guaranty against the dower, but sets up in general terms a failure to indemnify by allowing the dower to accumulate, by reason of which plaintiff's land was sold (not on proceedings on the dower) at a sacrifice. The damages thus declared for are not the direct result of a breach definitely averred, but consequential and only to be inferred from a general averment of failure to indemnify. The burden of proof was upon plaintiff to bring such damages within the condition of the bond.

The petition to open the judgment set up that " during the entire time the said Dawson was the owner of said real estate your petitioner did indemnify, save and keep harmless the said Dawson from any loss, costs, charges or expenses by reason of the existence of the said alleged dower, and did in all things perform the covenants and conditions of the said bond. And your petitioner further represents and avers that the said Joseph S. Dawson never paid any part of the said dower or any costs or expenses by reason thereof, and never suffered any loss on account of said dower, which your petitioner was, under the provisions of the said bond, obliged to pay." The petition was somewhat vague and even argumentative but it was only met by an answer of the same kind, again failing to set up any specific breach of the bond, and repeating the claim for consequential damages previously averred in the statement above quoted. The burden of proof is still on the plaintiff to bring his claim within the bond.

Whether the defendant's long delay in applying for relief was sufficiently excused was a matter for the discretion of the court below.

Order affirmed.