## Atkins *v.* Grist, Appellant.

*Husband and wife—Debts of wife—Principal and surety—Judgment—Opening judgment.*

1. Formerly the capacity of a married woman to contract was exceptional and her disability general; now the disability is exceptional and her capacity general; the burden is on her when she seeks to avoid her contract to bring it within one of the few exceptions. Since the

passage of the Acts of June 3, 1887, P. L. 332, and June 8, 1893, P. L. 344, her confession of judgment is presumably valid, and when she seeks to avoid it it devolves upon her to show affirmatively, not only the fact of marriage, but the presence of those circumstances which relieve her from liability. The rule is not different when she executes a judgment note jointly with her husband.

2. Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety. This is a matter of defense and like other joint debtors, either may show, as against any party to be affected, in law, by such proof, that he or she is in fact a surety for the other. When this is done by the wife, the act of June 8, 1893, makes her obligation void.

3. A proceeding to open a judgment is an appeal to the equity powers of the court; a judge, exercising the functions of a chancellor, is vested with the discretion to pass upon the weight of the evidence and credibility of the witnesses, and to dispose of the questions presented upon equitable principles. The action of the court below will only be reversed in such cases where the abuse of judicial discretion is apparent.

4. An application to open a judgment entered against a married woman on a judgment note signed jointly by herself and husband is properly refused, where the evidence tends to show that although the husband received the proceeds of the note in money, yet the loan was made to the wife as principal on the security of her furniture, and that the application for the loan contained the following statement: "This money is borrowed by me for my own use and for the improvement of my separate estate."

Argued April 27, 1910. Appeal, No. 149, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny Co., D. S. B. No. 52, First T., 1909, discharging rule to open judgment in case of G. R. Atkins v. Bertha Grist et al. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*W. S. Maxey,* for appellant.—Under the circumstances of the case at bar taken in consideration with the evidence

offered with them it brings it clearly within the exceptions which bar a married woman from executing a note or becoming surety for her husband or anyone else: Wiltbank v. Tobler, 181 Pa. 103; Patrick v. Smith, 165 Pa. 526; Harper v. O'Neil, 194 Pa. 141; Bank v. Short, 15 Pa. Superior Ct. 64; Harley v. Leonard, 4 Pa. Superior Ct. 431; City Savings Fund & Trust Co. v. Lintner, 15 Pa. Dist. Rep. 416; Stewart v. Stewart, 207 Pa. 59.

*John S. Cort*, for appellee.—Under the law a judgment against a married woman is presumably valid: Abell v. Chaffee, 154 Pa. 254; Barlow v. Foster, 5 Pa. Dist. Rep. 67; Leslie v. Carr, 5 Pa. Dist. Rep. 541; Toomey v. Rosansky, 11 Pa. Superior Ct. 506; McNeal v. McNeal, 161 Pa. 109; Wilson v. Fitzgerald, 25 Pa. Superior Ct. 633; Children's Aid Society v. Benford, 26 Pa. Superior Ct. 555.

The learned judges in the court below acted as chancellors. It was their duty to weigh the evidence and they need not in every case of disputed facts submit same to a jury. On an appeal the appellate court will only see that their discretion has been properly exercised: Stephan v. Hudock, 4 Pa. Superior Ct. 474; Jenkintown Nat. Bank's App., 124 Pa. 337; Augustine v. Wolf, 215 Pa. 558.

OPINION BY RICE, P. J., October 10, 1910:

The judgment in question was entered by virtue of a warrant of attorney to confess judgment contained in a promissory note executed by the appellant and her husband jointly. The ground upon which her petition to open the judgment was based was, that she executed the note solely as surety for her husband and that the proceeds of the loan for which the note was given were not received by her or for the benefit of her separate estate, but were received by her husband. The petition was met by a responsive answer, denying that she executed the note as surety or security for her husband, and averring, in substance, that she executed it to secure a loan she

was desirous of making on her household goods and that, while the money loaned on the note was not paid to her directly, it was paid to her husband as her agent and was used to repay money theretofore borrowed by her on her household furniture from two other loan companies.

The testimony taken on the rule shows that the household furniture in the premises where she and her husband resided belonged to her, that the plaintiff carried on the business of loaning money on household furniture, that before the loan was made the plaintiff's agent went to the premises and, with the appellant's knowledge and acquiescence, made an appraisement of the household furniture. There is a discrepancy between her testimony as to what was said at this time and that of the plaintiff's agent upon the same subject. But the great weight of the testimony, taking the written documents into consideration, is that she showed the agent her furniture receipts when he asked for them, that when she asked what papers he had he told her a bill of sale, a judgment note and an application to be signed by her, and that she executed these papers knowing that the proposed loan was to be made on the credit of her household furniture. The evidence would not support a finding that she was not aware of the nature and contents of these papers or that her signature thereto was procured by misrepresentation as to the purpose for which they were to be used. The application by its terms was an application for a loan to her personally. It set forth the amount of the proposed loan, the occupation of her husband, a description of the real estate which she owned, the incumbrances upon it, her indebtedness, her ownership of the goods in the house, her agreement to sign a judgment note for the security of the loan, and concluded with the statement that she had read the application and the same had been fully explained to her. In the body of the application appears this significant statement: "This money is borrowed by me for my own use and for the improvement of my separate estate." The three papers

above referred to were executed by her at this time, and at a later time the judgment note was signed by her husband. It appears further that she had other outstanding loans on her furniture and that the plaintiff insisted on these being paid before completing the loan in question. The plaintiff accordingly gave to Mr. Grist the money to pay these loans and, upon his production of the receipts therefor, handed to him the balance of the amount of the loan applied for.

Formerly the capacity of a married woman to contract was exceptional and her disability general; now the disability is exceptional and her capacity general; the burden is on her when she seeks to avoid her contract, to bring it within one of the few exceptions: Patrick v. Smith, 165 Pa. 526. Since the passage of the acts of 1887 and 1893, her confession of judgment is presumably valid, and when she seeks to avoid it it devolves upon her to show affirmatively, not only the fact of marriage, but the presence of those circumstances which relieve her from liability. These general principles are so well settled that no authority for them need be cited. The rule is not different where she executes a judgment note jointly with her husband: Stephan v. Hudock, 4 Pa. Superior Ct. 474. In Algeo v. Fries, 24 Pa. Superior Ct. 427, the rule was stated thus: "Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety. This is a matter of defense; and, like other joint debtors, either may show, as against any party to be affected, in law, by such proof, that he or she is in fact a surety for the other. When this is done by the wife, the act of June 8, 1893, P. L. 344, makes her obligation void." One who presents a money obligation of a married woman has made out a prima facie case, which can only be defeated by showing that the contract is one of the kinds prohibited by the act, and in such case the burden is not on the plaintiff to show that she actually applied

the money to use in her business or for the benefit of her separate estate: Spotts's Est., 156 Pa. 281; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503. Here, however, it is shown by testimony not seriously in controversy, that the greater part of the money loaned was actually applied to discharge other obligations of the appellant, and she thus got the benefit of the loan. We do not cite this fact as conclusive of the question before us. We concur with the learned counsel for the appellant in the proposition that, if as matter of fact the loan was made to the husband and she was simply surety, the fact that the husband applied the money to the discharge of her former indebtedness would not change the nature of the obligation that she assumed. Nevertheless it is a pertinent fact to be considered in connection with all the circumstances in determining the main questions, namely, Did she sign the note as surety for her husband or, was he acting as her agent in the disposition of the proceeds of the loan? The fact is consistent with her written declaration heretofore quoted.

Bearing in mind that the burden of proof was on the appellant to show that she was a mere surety, these other principles that have been settled by a long line of decisions must be kept in view: that the judge to whom an application to open a judgment is made acts as a chancellor; that it is his duty to weigh the testimony; that he is not required in every case of conflicting evidence to send the case to a jury; and that on appeal the appellate court will only see that his discretion has been properly exercised. Many of the early cases upon the subject are cited in Stephan v. Hudock, 4 Pa. Superior Ct. 474. And amongst the later cases sustaining these principles are: Augustine v. Wolf, 215 Pa. 558; McCullough v. Kinnan, 31 Pa. Superior Ct. 557; W. W. Blake Tobacco Co. v. Posluszsy, 31 Pa. Superior Ct. 602. And in one of the latest of our cases the rule is stated thus: "A proceeding to open a judgment is an appeal to the equity powers of the court; a judge, exercising the functions of a chancellor, is vested with the discre-

tion to pass upon the weight of the evidence and credibility of the witnesses, and to dispose of the questions presented upon equitable principles. The action of the court below will only be reversed in such cases where the abuse of judicial discretion is apparent:" Zajaczkowski v. Jawer, 36 Pa. Superior Ct. 324. When the written evidence is considered, in connection with all the circumstances, both as to the loaning and application of the money, we are unable to conclude that the court was not so clearly warranted in finding that the loan was made to the appellant and upon her credit as to justify the court in the exercise of its discretionary power in refusing to open the judgment. Her declaration in the written application for the loan, that the money was borrowed by her and for her own use, was entitled to very great weight in the absence of satisfactory evidence that this was a mere device adopted to evade the statute, or that she was induced to sign the paper by fraud or misrepresentation. We have carefully considered the cases cited in the appellant's brief, but are of opinion that they differ to such an extent from the present in their facts as not to control the decision here.

The order is affirmed at the costs of the appellant.