Slater *v.* Chiccarino et ux., Appellants.

Submitted April 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

354

*Francis M. Flynn,* for appellant.

*Stranahan & Sampson,* and with them *E. C. Moon,* for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1933:

Plaintiff was the payee and holder of a note, signed October 21, 1930, by Elizabeth Chiccarino, appellant herein, and her husband, Pete Chiccarino, in which they promised to pay him $370 one day after date. Pursuant to a warrant of attorney therein contained, judgment was confessed on this note in the court below and an execution issued.

After various proceedings, which need not be detailed, Elizabeth Chiccarino presented her petition on June 7, 1932, and obtained a rule to open the judgment as to her and permit her to defend; plaintiff answered, denying the material averments of the petition, and the matter came on for hearing before McLAUGHRY, P. J. After argument, and upon full consideration of the evidence, the rule was discharged and Elizabeth Chiccarino has appealed.

The circumstances under which the note was given are thus disclosed by the record. Appellant's husband is a barber. On September 17, 1915, a lease was executed, between plaintiff and his wife and appellant and her husband, for "that one story brick building containing two store rooms [to be used for business purposes], located on the south side of Idaho Street, Farrell, Pa., ...... together with a five roomed house

in the rear of said building, to be used as a dwelling."
The term was ten years from November 1, 1915, and
the rent $50 per month. Pete Chiccarino conducted
his barber shop in the front building and the family
resided in the dwelling house in the rear.

Shortly before the expiration of this lease, a new
one, dated July 17, 1925, was executed by the same
four persons for the same premises for an additional
term of five years, beginning November 1, 1925, at a
rental of $100 per month and with the privilege of
subletting. About the middle of this second term (ac-
cording to plaintiff's testimony) appellant and her
husband, with considerable rent then in arrears, re-
moved from the premises to a property owned by her.

Payments on account of the arrearages of rent
were made until the balance thereof had been reduced
to $370 by October 21, 1930. A settlement was then
had and the note in suit given to plaintiff by appel-
lant and her husband to secure the payment of this
balance. A bill of sale and a bailment lease for cer-
tain items of personal property, executed at the same
time and referred to in the testimony, have no bear-
ing upon the issue here involved and need not be dis-
cussed. In her petition to open, appellant untruth-
fully, or at least incorrectly, stated that her husband
"gave" the note to plaintiff, and "she ...... en-
dorsed the same." The note, itself, shows she signed
as a maker along with her husband, and her testi-
mony is to that effect.

The question involved on this appeal, as stated by
her counsel, is whether appellant, a married woman,
signed the note as "accommodation ...... maker,
guarantor or surety for," her husband, within the
meaning of the exception in Section 2 of the Act of
June 8, 1893, P. L. 344 (48 PS §32).

The burden of proof was upon appellant (Atkins v.
Grist, 44 Pa. Superior Ct. 310) and this included the

burden of showing that the debt was, in fact, the debt of "another." Unless it was, she could not question the validity of her obligation; there is no presumption that a married woman, who, along with her husband, executes an obligation to secure the payment of arrearages of rent, is a surety.

In Algeo v. Fries, 24 Pa. Superior Ct. 427, a husband and wife executed a judgment bond for such purpose. In affirming the refusal of the court below to open the judgment as to her, this court said: "But the question of the validity of her obligation can arise only when in fact it is given for another's debt. . . . . . . Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety."

The ground upon which the court below refused to open this judgment, as to appellant, was the conclusion reached by it that the note upon which it was entered was given to secure the payment of her own debt; we agree with this conclusion.

She was a lessee in the lease, under which the unpaid rental accrued, and a party to every transaction out of which the execution and delivery of the note arose; by reason of the illiteracy of her husband, she handled their business affairs to the extent of depositing their money in her own name and signing all checks upon the account.

Appellant set up in her petition a parol contemporaneous agreement upon the part of plaintiff, to the effect that the note would not be enforced by him against her, or her husband, as plaintiff, being an elderly man, wanted the note merely as evidence of the indebtedness in case of his death. At the hearing, appellant was permitted, under objection, to offer proof of this alleged agreement; but, as there was no averment that the parol agreement, which contradicts the

tenor of the written instrument, was omitted therefrom through fraud, accident or mistake, this testimony was properly ignored.

Upon consideration of the entire record, we are not convinced the court below abused its discretion in discharging the rule.

Order affirmed.