## The Conestoga National Bank v. Hallman et ux.

*Charles W. Eaby*, for petitioner.

*Harris C. Arnold* and *John A. Coyle*, contra.

SCHAEFFER, J., October 27, 1933.—This is a rule to open a judgment as to Lizzie Hallman, one of the above defendants. The facts are undisputed. According to the stipulation filed, William Hallman and Lizzie Hallman, his wife, gave a judgment note to Conestoga National Bank for $4,000 on November 3, 1926, which was entered the same day in the prothonotary's office of Lancaster County, to August term, 1926, no. 756. On October 19, 1931, it was revived by amicable scire facias to August term, 1931, no. 640. The original judgment note was given to secure an indebtedness of William Hallman, the husband. Lizzie Hallman, his wife, was not indebted to the bank and received no consideration for the execution of the judgment note and its revival, but executed the same solely for the accommodation of her husband, William Hallman. Lizzie Hallman died on March 17, 1933, and in her will her husband, William Hallman, was named as executor and as the sole beneficiary of her estate.

A petition has been filed by said executor to open the judgment as to Lizzie Hallman. It is admitted that Lizzie Hallman in her lifetime could successfully have defended against liability on this judgment if she had been free of laches in asking the court to open it. It is claimed, however, that this is an equitable proceeding; that William Hallman does not come into court with clean hands

194

and that he is guilty of laches. It is alleged that there is no excuse shown for the delay and that the person who will benefit from the opening would be William Hallman, the husband, who admits that he owes the debt to the bank secured by the judgment note.

The Act of June 8, 1893, P. L. 344, provides that a married woman may not become an accommodation endorser, maker, guarantor, or surety for another. If a married woman is shown to be an accommodation guarantor or surety for another, her obligation is void: Algeo v. Fries, 24 Pa. Superior Ct. 427; Atkins v. Grist, 44 Pa. Superior Ct. 310; Commercial Acceptance Corp. v. Ruppel et ux., 295 Pa. 88.

In Harley v. Leonard et al., 4 Pa. Superior Ct. 431, the facts are quite similar to the case at bar. There a married woman as surety for and with her son executed a joint judgment note, which was subsequently revived. After her death, a petition was presented by her executor to open the judgment and let the executor into a defense, which was made absolute by the court below and the judgment affirmed later by the Superior Court. In that case, the judgment was given March 31, 1889. Elizabeth Leonard, the married woman, died December 24, 1894, and the petition to open the judgment was presented subsequent to her death.

The question of laches in asking to open a judgment requires consideration. In Sands v. McGarvey, 25 Pa. C. C. 629, the court refused to open a judgment in which the married woman had delayed her legal proceedings over 4½ years. However, in Dawson v. Strouss, 219 Pa. 353, 354, it was decided that the question, whether the defendant's long delay in applying for relief to open the judgment was sufficiently excused, was a matter for the discretion of the court. In that case, there were two revivals of the judgment before proceedings were instituted to open the judgment.

It is contended that no excuse is shown for the delay in this case. Lizzie Hallman may have had some reasonable excuse for not proceeding to have the judgment opened in her lifetime. She is now deceased, and it does not appear to be an equitable defense to require at this time that such excuse be proven. Furthermore, it seems that if the bank continued to hold the collateral judgment note until after the death of Lizzie Hallman the bank should not now be entitled to invoke the principle of laches, especially under the admitted facts.

A different situation arises where the married woman signs a note as surety for her husband and after his death signs it a second time; in that event judgment may be entered against her although the note under her first signature was void as against her. This principle was recognized in Geiselbrecht, Executrix, to use, v. Geiselbrecht, 8 Pa. Superior Ct. 183, and Rathfon v. Locher, 215 Pa. 571.

In view of the Superior Court's decision in Harley v. Leonard, supra, and for the foregoing reasons, the rule to open said judgment as to Lizzie Hallman and to let her executor, William Hallman, into a defense is made absolute.

From George Ross Eshleman, Lancaster, Penna.