Grote, Trustee, *v.* McCann (et ux. Appellant).

Argued April 28, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James A. Nugent, Sr.,* with him *James A. Nugent, Jr.,* for appellant.

*Francis A. Wolf,* with him *Hermann L. Grote,* of *Grote & Grote,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This proceeding is a petition by Ella A. McCann, one of the defendants' to open as to her a judgment confessed against her and her husband, the other defendant, in the amount of $699, under a warrant of attorney, for rents due on a lease for premises occupied by the husband in the conduct of a retail business. She alleges that she did not have any interest in the business conducted on the leased premises, and that her signature to the lease was that of surety or guarantor only for her husband. Petitioner also asked that another judgment against her on a judgment note signed by her and her husband and delivered to the plaintiffs, be opened. Testimony in support of the rule on the later petition was combined with the testimony on the rule granted on the first petition supra.

The court opened the judgment entered on the note, but discharged the rule to open on the judgment entered on the lease. This appeal is concerned alone with the latter judgment.

From the testimony ex parte defendant petitioner and her husband, it appears that the husband, a retired steel worker, opened a store on the premises described in the lease in 1912. From that time until 1932, he alone signed the lease. During the year or so preceding 1932, Mr. McCann had fallen in arrears in the payment of his rent. In March or April 1932 he sent for the lessor for the purpose of securing a reduction in the rent. At this time he was delinquent in his rent to the extent of $450, and wanted to retire from busi-

ness because of his age and claimed to be losing money. Mr. Grote, one of the owners of the property, went to see him and discussed with Mr. McCann the matter of the rent as well as the question of remaining in business. Mrs. McCann was not present at this meeting, and nothing was done, as Mr. McCann desired to talk the matter over with his wife and to have her in on the conference. In the meantime a search of the title records disclosed to Mr. Grote that in 1906 Mr. McCann had taken title in his own name to a piece of property on Whipple Street in the Borough of Swissvale and so held it until 1926. In November 1926, he, with his wife, executed deeds whereby the title to this property became vested in him and his wife as tenants by the entireties.

After some subsequent meetings in which the appellant took part in the discussions, Mr. Grote, the plaintiff, insisted that he would give no further lease excepting to both Mr. and Mrs. McCann. Mr. Grote pointed out to them that they could make more out of their merchandise by selling it out gradually rather than by sacrificing it, and they finally concluded to do this and on July 12, 1932, signed the lease as of May 1, 1932, because the negotiations for the same had commenced sometime in April. It appears that the rent for May and $16 on account of June rent had been paid prior to the entry of judgment. At the same time a judgment note in the sum of $400, (being the amount of rent in arrears less a rebate of $50) was signed by both of the defendants.

The business thereafter continued to be conducted in the name of the husband although the wife defendant assisted in the operation thereof. The books of the business showed that interest on the mortgage against one of the pieces of real estate owned by the parties, taxes and other expenses, were paid, at least in part, from the proceeds of the business.

The lease, on its face is signed by Mrs. McCann not as a surety, but as one of the principal parties and as a lessee of an estate in entireties with her husband.

There is nothing in the Married Woman's Act which prevents a married woman entering into an instrument of this character.

As stated by former President Judge RICE, in *Atkins v. Grist,* 44 Pa. Superior Ct. 310, 314: "Formerly the capacity of a married woman to contract was exceptional and her disability general; now the disability is exceptional and her capacity general; the burden is on her when she seeks to avoid her contract, to bring it within one of the few exceptions."

The same question, as in the instant case, was before this court in *Slater v. Chiccarino,* 109 Pa. Superior Ct. 353, wherein we said in a very comprehensive opinion by our Brother CUNNINGHAM, at p. 355: "The burden of proof was upon appellant (*Atkins v. Grist,* 44 Pa. Superior Ct. 310) and this included the burden of showing that the debt was, in fact, the debt of 'another.' Unless it was, she could not question the validity of her obligation; there is no presumption that a married woman, who, along with her husband, executes an obligation to secure the payment of arrearages of rent, is a surety.

"In *Algeo v. Fries,* 24 Pa. Superior Ct. 427, a husband and wife executed a judgment bond for such purpose. In affirming the refusal of the court below to open the judgment as to her, this court said: 'But the question of the validity of her obligation can arise only when in fact it is given for another's debt ...... Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety.'

"The ground upon which the court below refused to open this judgment, as to appellant, was the conclusion

reached by it that the note upon which it was entered was given to secure the payment of her own debt; we agree with this conclusion.

"She was a lessee in the lease, under which the unpaid rental accrued, and a party to every transaction out of which the execution and delivery of the note arose."

The cases cited on behalf of appellant are readily distinguishable from the instant case.

The court below was of the opinion that the lessor in an endeavor to insure the payment of his rent was not resorting to a device to evade the Married Woman's Act by requiring that both husband and wife, whose other assets are held by the entireties, should join in the lease.

The assignments of error are overruled and the order of the lower court is affirmed.