J-S29040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: S.L.D., A MINOR,  :   IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
    :
APPEAL OF: S.L.D., A MINOR    :  No. 1939 WDA 2014

Appeal from the Dispositional Order Entered October 30, 2014,
in the Court of Common Pleas of Erie County,
Juvenile Division, at No(s): CP-25-JV-0000083-2014

BEFORE:   PANELLA, MUNDY, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:       **FILED JULY 29, 2015**

S.L.D. (Appellant) appeals from the dispositional order entered after she was adjudicated delinquent for the crimes of simple assault and disorderly conduct. In addition, Appellant's counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the dispositional order and grant counsel's application to withdraw.

The fight between Appellant, who was 14-years-old, and the Victim, which gave rise to these charges, occurred shortly after school let out on January 16, 2014. The Victim testified that she was walking out of school when someone came from behind and hit her in the back of the head. N.T., 7/28/2014, at 14-15. The Victim turned around, saw it was Appellant who had hit her, and then fell. Appellant then continued hitting the Victim while she was still on the ground. ***Id***. at 15-16. Officer Frank Bugaj, the school police officer who responded to the fight, testified that when he spoke to the

*Retired Senior Judge assigned to the Superior Court.

Victim after the incident she had "a contusion on the left side of her forehead and a small laceration on the right ear." *Id*. at 27. Conversely, Appellant testified that when she was walking out of school that day, the Victim hit her, which is what started the fight. *Id*. at 39.

On March 6, 2014, the Commonwealth filed a petition for delinquency for Appellant as a result of the aforementioned fight. The allegations of delinquency included both simple assault and disorderly conduct. On July 28, 2014, an adjudication hearing was held before a juvenile court master. The master found the testimony of the Victim to be "more credible." Findings of Fact, 9/16/2014. Specifically, the master concluded that the "Commonwealth has proved beyond a reasonable doubt that [the Victim] suffered bodily injury and that the injury was intentional and caused by the juvenile, [Appellant]. Furthermore, the fight occurred in a public location … and caused a public disturbance." *Id*. Thus, the master recommended that Appellant be adjudicated delinquent for simple assault and disorderly conduct.

On September 15, 2014, the juvenile court confirmed the master's recommendation, and a dispositional hearing was held on October 30, 2014. The juvenile court placed Appellant on formal probation. Appellant was further ordered to complete 50 hours of community service, write a letter of apology, and pay court fees.

Appellant timely filed a notice of appeal. In response to the juvenile court's order to file a concise statement of errors complained of on appeal, counsel filed a statement, pursuant to Pa.R.A.P. 1925(c)(4), of her intent to withdraw her representation of Appellant.

As a preliminary matter, we address counsel's application to withdraw before reaching the merits of the issues raised in the brief. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. …
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).[1]  Our Supreme Court has expounded further upon the requirements of ***Anders***:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's application to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[2]  Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 2015

---

[1] In addition, because this is a juvenile case, counsel must also notify Appellant's parents of the intent to withdraw.  ***Commonwealth v. Heron***, 674 A.2d 1138, 1140 (Pa. Super. 1996) ("We find the requirement of the Juvenile Act that notice be given to a juvenile and his/her parents applicable to ***Anders*** cases involving juveniles.").  Instantly, counsel has satisfied that requirement because her letter is addressed to Appellant in care of her parents. Petition to Withdraw as Counsel, 2/23/2015, at Exhibit A.

[2] Appellant has not responded to counsel's application to withdraw.

J-S29040-15

PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015), quoting, Santiago, 978 A.2d at 354 n. 5.[3]

---

[3] Speaking for myself only and not as the conduit of this Court's decision, *see Commonwealth v. King*, 57 A.3d 607, 633 n. 1 (Pa. 2012) (Saylor, J., concurring) (discussing the precedent for a special concurrence by the author of the majority opinion), I acknowledge that the law of this Commonwealth now provides that this Court, when confronted with an *Anders* brief, must comb the record in search of issues of arguable merit that were not raised by counsel. *See Commonwealth v. Flowers*, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015) ("[T]he reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."). I write separately to reiterate my disagreement with that opinion's holding as to this Court's duty.

We accept in all other criminal cases that counsel has put forth the appropriate issues and arguments and, if not, that the PCRA is available to the defendant for obtaining relief. *See*, *e.g.*, *Commonwealth v. Koehler*, 914 A.2d 427, 438 (Pa. Super. 2006) ("[I]t is not this Court's duty to become an advocate for an appellant and comb through the record to assure the absence of trial court error."). In an *Anders* case, to "vindicate[] the right to counsel" by "safeguard[ing] against a hastily-drawn or mistaken conclusion of frivolity[,]" *Santiago*, 978 A.2d at 361, our Supreme Court has added the additional protection of requiring the attorney to certify and demonstrate his or her thorough review of the record and applicable law before we will allow counsel to withdraw.

Now, under *Flowers*, this Court not only can, but must, effectively act as an advocate for a criminal defendant whose counsel seeks to withdraw. Not only does this render meaningless counsel's efforts under *Santiago*, but it results in the unnecessary, unwarranted, and patently unfair disparate treatment of criminal defendants by this Court. *See id.* at *5 (Strassburger, J., dissenting) (quoting *Commonwealth v. Washington*, 29 A.3d 846 (Pa. Super. 2011) (Colville, J., concurring, unpublished memorandum at 6) ("[T]he purpose of *Anders* is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.").

In her brief, Appellant's counsel states one issue that might arguably support an appeal: "Whether the [juvenile] court abused its discretion in finding the Commonwealth's witness credible and sustaining the allegations of delinquency against the weight of the evidence?" **Anders** Brief at 3.

"The Juvenile Rules of Court Procedure do not, at present, specify how a juvenile who has been adjudicated delinquent must present a weight of the evidence claim to the juvenile court so that the claim is preserved for appellate review." **In re J.B.**, 106 A.3d 76, 96 (Pa. 2014).[4] However, our Supreme Court has held that in order for a "weight of the evidence claim to have been preserved for appellate review, [an appellant needs] to present the claim in some manner to the juvenile court so that it could adjudicate it in the first instance." **Id**. at 95.

Instantly, Appellant did not present a weight-of-the-evidence claim to the juvenile court. Therefore, Appellant has waived this issue and it is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 2015 PA Super 69, 2015 WL 1612010 at *2.

---

[4] **Compare** Pa.R.Crim.P. 607 (providing specifically that in order to preserve a weight-of-the-evidence claim, a defendant must raise it before sentencing or in an optional post-sentence motion).

Accordingly, we affirm Appellant's dispositional order and grant counsel's application to withdraw.

Dispositional order affirmed. Application to withdraw as counsel granted.

Judge Panella joins in this memorandum.

Judge Mundy files a concurring statement in which Judge Strassburger joins.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/29/2015